THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK

*v.*

THE EASTON AND AMBOY RAILROAD COMPANY et al.

The defendants condemned for their railroad a part of certain lands covered by a mortgage, without making the mortgagee a party. Afterwards the mortgagee foreclosed, without making the defendants a party, and bought the premises at a price which left a large balance due. The mortgagee then brought suit to compel the defendants to redeem.—*Held*, that the defendants cannot redeem by paying such 'a proportion of the mortgage debt as will be equal to the relative value which its condemned land bears to the whole tract. ·

Bill for relief. On final hearings on pleadings.

*Mr. F. G. Burnham*, for complainant.

*Mr. T. N. McCarter*, for defendants.

THE CHANCELLOR.

The complainant had a mortgage upon a tract of land. Subsequently to the giving of that mortgage, the defendant, the Easton and Amboy Railroad Company, took part of the land by condemnation under its charter, and paid the money awarded for the land to the mortgagor. The condemnation proceedings are not binding upon the complainant. It was not a party to them. Afterwards the complainant filed its bill in this court to foreclose its mortgage, but for want of information as to the railroad company's proceedings, or its having taken the land, did not make that company a party. The mortgaged premises were sold under the execution issued on the decree in the cause to pay the money due to the complainant on its mortgage, with the costs of suit. They were bought by the complainant at a price which left a large balance due to it. It now brings this suit to compel the railroad company to redeem. The bill prays that that company may be required to pay the money due on the mortgage, or that

the mortgaged premises may be sold to pay it.  The railroad company, by its answer, claims a right in equity to redeem by paying to the complainant such a proportion of the mortgage debt as will be equal to the proportion of value which its land bears to that of the whole tract.  The ground of this claim is that the complainant has, through the foreclosure proceedings, obtained an indefeasible title to all of the mortgaged premises except the railroad company's part, to which it has obtained a defeasible one, and therefore, it is argued, equity requires nothing more of the railroad company than to pay its proportion as between it and the complainant as owners of the respective parts of the land subject to the mortgage.  While that method and measure and that principle may be applicable where the mortgaged premises have been sold under foreclosure proceedings, which are not binding on an owner of part of the property because he was not made a party, and the property at the foreclosure sale has been purchased by a stranger, it is not so where the complainant, having bought the property at the sale and still owning it, comes into court and asks the same relief to which he would undoubtedly have been entitled as against the omitted owner if he had made him a defendant in the foreclosure proceedings.  In such case the complainant is entitled to the same relief to which he would have been entitled had he made such owner a party to the original suit.  Where the mortgaged premises have been bought at the foreclosure sale by a stranger, or, having been bought by the complainant, he has sold them, there may be no other equitable way of fixing the amount to be paid by an owner of part of the property who has not been made a party than by an equitable estimate founded on the proportion of values.  Under the circumstances of this case, however, the ordinary method cannot be adopted, because the railroad company is not bound to pay for redemption anything more, at most, than the value of the land and damages for taking it at the time when it took the land.  *North Hudson R. R. Co.* v. *Booraem, 1 Stew. Eq. 450, 593.*  The amount due on the complainant's mortgage, at the time of the sale under the execution, was $21,150, with interest from August 31st, 1878.  The property sold at the

foreclosure sale for $10,500. The amount of the award was $3,615.50; that is, for the value of the land, $1,227, and for damages to the rest of the property, $2,388.50. The railroad company cannot be required to pay interest until after the deficiency has been established. *North Hudson R. R. Co.* v. *Booraem, ubi sup.*

In this case, that deficiency has not yet been established against the railroad company, for it was not a party to the foreclosure proceedings. It has the right to have that part of the mortgaged premises to which is has not title, sold to pay the mortgage. If there should, on such sale, be a deficiency, it will be bound to satisfy it to the amount of the value of its land and damages for taking it, estimated as of the time when it took the land, or so much of that value and damages as may be necessary for the purpose, but no more.

The railroad company's claim, that the amount which it should be required to pay is a proportion of the mortgage debt equal to the proportion of the present value of its property to the whole of the mortgaged premises, cannot be sustained, for two reasons. In the first place, as before stated, there is no warrant in equity, in such a case as this, for such a measure of liability, and in the next, the proposed proportion would not be just. The value of its part of the mortgaged premises was fixed, in the award, at $1,227, and the award for damages to the rest of the property was $2,388.50. Any estimate based merely on the values of the respective parts of the land, would be unjust to the complainant, for it would leave out of the calculation the essential factor of the damages. Moreover, the time as of which the property is to be valued as between the railroad company and the mortgagee, is that at which the former took the land. *North Hudson R. R. Co.* v. *Booraem, ubi sup.* The railroad company is to pay no costs of this suit up to the time of ascertaining the deficiency, and in the redemption it is to be chargeable with none of the costs of the original suit. *Parker* v. *Child, 10 C. E. Gr. 41.*

The award, as before stated, is not binding on the complainant, because it was not a party to it. On the other hand, the

railroad company may have the right, as against the mortgagee, to condemn the mortgagee's interest, as such, in the property. Nothing was said on the hearing on the subject of the award, in this connection, or in connection with the redemption. I have therefore refrained from expressing any opinion as to the mode in which the value of the land and amount of damages are to be ascertained, for the purposes of this suit.