[Civ. No. 8062. First Appellate District, Division Two.—January 28, 1932.]

WALLACE I. FOX, Respondent, v. CALIFORNIA TITLE INSURANCE COMPANY (a Corporation), Trustee, etc., et al., Appellants.

H. C. Eastham, Newlin & Ashburn and William D. Gallagher, Jr., for Appellants.

Ben A. Hill for Respondent.

NOURSE, P. J.—Plaintiff sued to quiet title to real property and had an interlocutory judgment giving defendants the right to redeem the property from a previous sale. Defendants declined to redeem and a final judgment was entered for plaintiff. The defendants appeal on typewritten transcripts from both judgments.

Plaintiff, when owner of the property, mortgaged the same to one Olsen in the sum of $2,500, and then sold to McDonald for $6,250 subject to the mortgage. McDonald assumed the mortgage and delivered to Fox a promissory note in the sum of $3,250 as part of the purchase price. This note was secured by a trust deed made subject to the prior mortgage. Thereafter Fox assigned said note and deed of trust to Olsen without recourse. The latter commenced suit to foreclose the original mortgage purposely and intentionally failing to join the trustee or the beneficiary under the trust deed. Olsen obtained judgment for $2,964.94 and, after due notice, the sheriff sold the property to Fox at public auction for $3,036.95, which was the full amount of the judgment with interest and cost. Thereafter Olsen died and Belle Stofer was duly appointed as his administratrix.

She recorded notice of default and intention to foreclose said deed of trust and plaintiff then commenced this proceeding to quiet title, joining as defendant with her the Title Company as trustee under said deed.

Though extensive briefs have been written and numerous points stated the single question of law involved is whether a junior mortgagee who was not made a party to the suit to foreclose a senior encumbrance, may exercise any greater right after sale than the right of redemption, there being no surplus as a result of the sale. If this question is answered in the negative, as the trial court answered it, then the equities are all with the respondent and the judgments should be affirmed.

The right of junior lienholder, upon foreclosure of a superior lien, is the right to redeem. (Code Civ. Proc., sec. 701; Civ. Code, secs. 2903, 2904; *Carpentier* v. *Brenham*, 40 Cal. 221, 236, 237.) This right can be terminated by joinder of the junior lienholder in the foreclosure suit. But if he is not joined, his right, the right to redeem, is not affected by judgment and sale under the foreclosure suit. (*Carpentier* v. *Brenham*, *supra*, p. 237.) This right of redemption has been interpreted as including the right to foreclose upon the excess, if any, of the proceeds of the sale on foreclosure over the amount of the senior lien (18 Cal. Jur., sec. 622, p. 355) and to show that the claim of the senior mortgagee has been exaggerated, or to show any other similar fact which would increase the fund. (*Carpentier* v. *Brenham*, *supra*, p. 236.) These principles are the material consequences of the contract of the junior mortgagee, made as it is with full knowledge of the relations between the mortgagor and the senior mortgagee—a contract whereby the junior mortgagee accepts as his security "a claim upon the surplus of the proceeds of the first foreclosure sale beyond the prior debt". (*Idem*, p. 236.) With these principles in view the trial court quieted plaintiff's title to the property subject to appellants' right to redeem, and, in the absence of any surplus from the foreclosure sale, the only legal or equitable right which appellants could assert was thus protected.

Bearing in mind that the plaintiff in the foreclosure suit was also the beneficiary under the trust deed which was the junior lien it would be idle to discuss the legal effect of the failure of Olsen to join himself or his trustee as parties

defendant in the foreclosure suit. As the real party in interest under both liens (*Anderson* v. *Alexander*, 184 Cal. 265, 266 [193 Pac. 241]) he might have been before the court for all purposes, but as no adjudication was made of his interest under the second lien, and, as his ''right'' under that lien has been fully protected under the judgments appealed from, he cannot now complain of his own failure to bring about a complete equitable adjustment of both liens in the foreclosure suit. We may concede for the purpose of the opinion that Olsen was not bound in equity to join himself or his trustee in the foreclosure suit but we still fail to discover how the failure to do so gave to either his trustee or himself any greater right than the right to redeem from the foreclosure sale—a right which is secured to him in this proceeding. Having declined to exercise this right under the interlocutory judgment, and thus having expressly refused to do equity, he is in no position now to seek any other relief.

We find no prejudicial error in the record.

The judgments are affirmed.

Sturtevant, J., and Spence, J., concurred.