This is a suit to foreclose a certificate of tax sale. A decree was entered herein fixing the amount required for redemption of the premises from the tax sale at $45,823.36 plus interest and costs to be taxed, including a counsel fee to the solicitor of the complainant; referring the matter to a master, and fixing a date for redemption. Redemption was not had on the day fixed and application is now made for a final decree barring the right of redemption and awarding additional costs and counsel fee, and it is urged that the decree barring redemption should direct the payment of such additional costs and counsel fee by the defendant owner of the lands whose right of redemption is to be thus barred, and in default thereof that execution issue against said owner therefor. Section 49 of the Tax Sale Revision act as amended in 1928 (Cum. Supp. Comp. Stat. 1930 p. 1815), and section 84 of the Chancery act are cited in support of this application. Section 49 of the Tax Sale Revision act provides that "after bill in equity has been filed redemption shall be made in said cause only * * * and the court shall, upon application at any *Page 67 
time after bill filed allow costs," c. Section 84 of the Chancery act provides that the allowance of costs shall be in the discretion of the court and if allowed payment may be compelled by writ of fieri facias or capias ad satisfaciendum, c. The application for additional counsel fees is denied. The counsel fee previously allowed in this cause was intended to be inclusive of all proceedings necessary to be had herein. The usual taxed costs for the filing of pleadings, including the final decree about to be entered, will be allowed as between solicitor and client, but not against the defendant owner, whose right of redemption is to be barred. This, it seems to me, is proper in view of the nature of this proceeding, which is one in strict foreclosure, and the fact that a tax assessed against land is not a personal debt of the owner. City of Camden v. Allen,26 N.J. Law 398; Archibald v. Maurath, 92 N.J. Eq. 357; Borough ofWrightstown v. Salvation Army, 97 N.J. Law 89. In foreclosure suits costs are ordinarily incident to the debt secured by the lien which is being foreclosed, collectible only from the debtor. Only under special circumstances are they allowed against one not the debtor. "If the mortgage contains no covenant or promise to pay and there is no separate written obligation the relief awarded * * * must be confined to the sale of the mortgaged premises and there can be no judgment against the mortgagor personally, either for the whole debt or for the deficiency." 42C.J. 284 tit. "Mortgages" § 1963. In the instant case there is, of course, no covenant or promise to pay, either express or implied. Taxes are imposed, not voluntarily assumed, and without express statutory authority no personal liability results from their assessment. Such liability has been created with respect to taxes on personal property (P.L. 1918 ch. 206 p. 848 § 202) but not as to land. Wrightstown v. Salvation Army, supra. In strict foreclosure the general rule is that the defendants are not personally liable for costs (42 C.J. 329 tit. "Mortgages" §2045); they are included in the amount fixed for redemption and are of no higher standing than the lien to which they are added. Such costs have already been allowed in this cause. Decree accordingly. *Page 68