In March, 1927, Frank W. Skinner and wife gave their bond and mortgage to complainant to secure the payment of $7,500. The mortgage covered an irregular shaped tract which I have divided into parcels and marked 1, 2 and 3. Parcel 3 is a narrow strip twenty feet wide front and rear by one hundred and thirty-three feet deep, fronting on a public highway and over this strip is the only means of access for parcels 1 and 2 to any public road. About a year after the mortgage was given, complainant without receiving any consideration released to Skinner from the lien of his mortgage parcel 2, and at the same time Skinner and wife conveyed *Page 414 
said parcel to defendants. It was intended that Skinner's deed should include a right of way over parcel 3 but such grant was omitted from the conveyance. By a subsequent deed, dated November 13th, 1928, recorded November 19th, 1929, Skinner and wife conveyed to defendants the same parcel 2, together with the right in perpetuity to use a right of way over parcel 3, in common with Skinner, the owner of parcel 1. The mortgage was not released as to said right of way and the grant thereof was therefore subject to the mortgage lien.
April 22d 1931, complainant filed his bill to foreclose his mortgage which then covered parcels 1 and 3, but he failed to name defendants, who then owned a right of way over parcel 3, as parties and at the foreclosure sale parcels 1 and 3 were sold to complainant February, 1932, for $100. He filed his bill herein July 13th, 1932, alleging that the failure to include defendants in his foreclosure suit was due to inadvertence on the part of his solicitors, and that he purchased said premises at the foreclosure sale in good faith, without knowledge of the right of way held by defendants and praying that an account be taken of the amount due on his mortgage, and that defendants be decreed to pay him that amount or be debarred and foreclosed of all equity of redemption in the mortgaged lands.
When a complainant in foreclosure has purchased in good faith at his mortgage foreclosure sale and the title thus acquired is not conclusive against an encumbrancer not made a party to the suit, he is entitled to file a bill in strict foreclosure and call upon the owner of the outstanding encumbrance to redeem from the mortgage debt, or be foreclosed of his equity of redemption.Parker v. Child, 25 N.J. Eq. 41; Hutchinson v. Swartsweller,31 N.J. Eq. 205; Shepard v. Barrett, 84 N.J. Eq. 408; Donovan
v. Smith, 88 Atl. Rep. 167. The cases intimate that if a complainant in foreclosure is actually aware of an outstanding encumbrance and purposely refrains from making the holder thereof a party to his suit, he should be denied the relief of strict foreclosure and it is attempted to show that when complainant filed his *Page 415 
foreclosure bill, or when he purchased at the sale, he was aware that defendants had been granted a right of way over parcel 3. Of course complainant and his solicitors had constructive notice of defendants' rights through the record of Skinner's deed to defendants and complainant may have actually known that defendants were using the right of way as means of access to their property, but I cannot hold on the evidence that complainant had actual notice of the extent of defendants' rights. I believe he left the conduct of his foreclosure suit to his firm of solicitors and that the member of that firm who conducted the proceedings had no actual knowledge of the situation and failed to discover defendants' record interest in the mortgaged premises and therefore did not include them as party defendants. I cannot perceive what advantage complainant's solicitor could hope to gain by failing to include defendants as parties to the foreclosure if he knew they claimed some interest in the subject-matter of that suit.
Defendants had actual knowledge that complainant's mortgage covered parcel 3 and they knew when Skinner, by his second deed, conveyed to them a right of way over that parcel that the mortgage thereon had not been released and having elected to acquire the easement subject to the mortgage, they should not now be permitted to hold it entirely discharged of such lien. Had complainant made defendants parties to his foreclosure suit, defendants would have had the right to require complainant to first sell parcel 1, together with a right of way over parcel 3, and if thereby a sum insufficient to satisfy complainant's decree was realized, then to sell parcel 3. Complainant having sold parcels 1 and 3 together deprived defendants of the advantage of separate sales, and it would be inequitable to now compel defendants to redeem both parcels by paying complainant's whole decree, in order to protect their rights in one parcel. If parcel 1 with a right of way over parcel 3 is not worth the amount due complainant, all that complainant can now demand is that defendants pay whatever sum is needed to make up the deficiency, or be foreclosed of their equity of *Page 416 
redemption in parcel 3; provided the deficiency does not exceed the value of said parcel. Mutual Life Insurance Co. v. Eastonand Amboy Railroad Co., 38 N.J. Eq. 132; Pettingill v. Hubbell,53 N.J. Eq. 584. Complainant's decree was for $8,212.71. Costs and sheriff's fees under that decree cannot be added because defendants were not parties to the suit and are not liable therefor. Although parcels 1 and 3 sold for $100 at the foreclosure sale, that is no criterion of value, because it is well known that at the time of such sale and to the present time, real estate did not and will not bring its fair value at any judicial sale and the value of the parcels as of the sale date must be ascertained. When, without consideration in 1928, complainant released parcel 2 from the lien of his mortgage, he must have deemed parcels 1 and 3 ample security for his debt and the evidence at the hearing before me is that at the time of the foreclosure sale, parcel 1 was worth $8,000 and parcel 3 was worth $500, the total being approximately the amount of complainant's foreclosure decree, with interest added to the sale date, and it is to that date the amount of complainant's debt should be reckoned, because complainant has been in possession of parcels 1 and 3 since that date and if interest to the present time were to be added to his decree, he should be required to account for and credit on his debt the rental value of the premises. The one item would probably offset the other. In equity complainant should be required to first credit $8,000, as the value of parcel 1, on his mortgage debt, and then look to parcel 3 for the deficiency of $500. But defendants should not be decreed to pay complainant that sum in protection of their interest in parcel 3, if the fee of that parcel is not worth $500. The witness who testified to the value of said parcels said nothing as to how, if at all, a right of way over parcel 3 in favor of parcel 1 affected his opinion that $8,000 was a fair value for parcel 1, but I think it obvious that in placing that value on parcel 1 he must have included a right of way in favor of that parcel over parcel 3, otherwise parcel 1 would be of little value. This witness also testified that he thought parcel 3 worth $500, it making no difference in *Page 417 
his opinion whether or not that parcel was charged with an easement of a right of way. I think it also obvious that the witness was in error on this point because, if the fee of parcel 3, without any encumbrance, was worth $500, it could not possibly be worth the same sum if the fee were charged with a right of passage over the land — such easement practically prohibiting the use of the parcel for any purpose other than a roadway. If the unencumbered fee of parcel 3 is worth $500 and defendants should pay that sum to complainant in satisfaction of the balance due on complainant's debt, it would be only equitable to require complainant to convey that fee to defendants and such a conveyance would shut complainant off from access to his parcel 1. Under all the circumstances I think the fee to parcel 3 should remain in complainant and that he and defendants should have a right of way in common over that parcel, for which right defendants should pay complainant $250.
I shall advise a decree that defendants have sixty days within which to pay said amount to complainant and upon payment or tender of that amount complainant shall release, grant and convey to defendants the same right of way that the deed from Skinner to defendants purports to grant, free from complainant's mortgage, or other lien, and that if defendants default in such payment, they shall be foreclosed and debarred of their equity in the premises to which complainant holds title.
This suit would have been unnecessary had complainant's solicitors in foreclosure not made a mistake. Moreover, complainant's bill seeks to compel defendants to pay the whole mortgage debt and in this he has not succeeded. It does not appear that defendants made any tender to complainant for a release or grant of the right of way they claim and the decision herein is partially against them. Costs will not be allowed either party. Folkman v. Myers, 93 N.J. Eq. 215; Mooney v.Petnick, 104 N.J. Eq. 357; Township of Long Beach v. Daniel W.Frazier Co., 112 N.J. Eq. 66. *Page 418