[No. E019044. Fourth Dist., Div. Two. Aug. 17, 1998.]

DIAMOND BENEFITS LIFE INSURANCE COMPANY, Plaintiff and Appellant, v.
RAYMOND T. TROLL, Individually and as Executor, etc., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part E.

**COUNSEL**

Quinn, Emanuel, Urquhart & Oliver and Harold W. Hopp for Plaintiff and Appellant.

Criste, Pippin & Golds, Robert L. Pippin and Marie A. Bochnewich for Defendant and Appellant.

**OPINION**

**WARD, J.—**

### FACTS AND PROCEDURAL BACKGROUND

Defendant and appellant Raymond T. Troll, individually and as executor of the estate of J. A. Troll (collectively hereafter referred to as Troll), is the owner of real estate in Indio, California. Plaintiff and respondent Diamond

Benefits Life Insurance Company (Diamond) is the owner of real estate adjacent to that owned by Troll. Diamond owns and operates a golf course known as the Indian Springs Country Club on its property.

When the golf course was developed by a previous owner, two of the holes of the course were constructed (apparently inadvertently) on Troll's property. When this was discovered, Troll and the previous owner of the golf course negotiated a settlement of the property dispute. In the settlement, by grant of easement, Troll and the previous owner of the golf course created various easements that accrued to the benefit of Troll. His property was the dominant tenement and the golf course, or portions thereof, became the servient tenement. The easements consisted of: (1) rights of access at different locations across portions of the golf course property; (2) the right to drain water from the dominant tenement onto the servient tenement; (3) the right to annex portions of the dominant tenement to a planned unit development on the servient tenement; and, (4) the right to owners of a portion of the dominant tenement to the same golfing privileges enjoyed by the property owners of the servient tenement. The grant of easement was recorded on October 12, 1988.[1]

Diamond was the beneficiary of trust deeds on the golf course property. The trust deeds were recorded on March 15, 1988, and July 29, 1988. In 1989 Diamond brought a judicial foreclosure action against the owners of the golf course. Troll was not made a party to that action. On November 6, 1990, the United States District Court for the Central District of California entered a judgment of foreclosure directing the United States Marshal to sell the property that was subject to the trust deeds. The property foreclosed included the servient tenement under the grant of easement. On February 6, 1992, Diamond purchased the property at foreclosure sale and, thereafter, it received a marshal's deed to the golf course property.

Troll filed an action to quiet title to the easements and for damages against Diamond. Diamond demurred to the complaint and the trial court sustained the demurrer without leave to amend. Subsequently, Diamond filed this quiet title action. The trial court entered a judgment that permitted Troll to exercise an equitable right of redemption of all of the property sold at the foreclosure for the price paid at that sale.

---

[1]Also in the agreement Troll subdivided a portion of his property into three parcels and deeded one parcel to the previous owner of the golf course. In the deed, Troll reserved certain easements. In those easements the parties designated the property transferred as the servient tenement with the dominant tenement being the two parcels retained by Troll. In subsequent dealings Troll reacquired the parcel previously transferred. Because of these transfers, the easements pertaining to parcels now owned only by Troll are not at issue in these proceedings.

Troll appeals from the judgment contending: 1) a quiet title action does not extinguish a junior interest when the owner of that junior interest was not made a party to a prior judicial foreclosure, 2) he was entitled to a pro tanto redemption, 3) the enforcement of the trust deed by Diamond was precluded by the statute of limitations and 4) Troll was entitled to a statutory right of redemption as well as to an equitable redemption. Diamond cross-appeals, contending that Troll's easement rights were extinguished by the foreclosure proceedings.

We conclude that since Troll was not named initially in the judicial foreclosure, the foreclosure had no effect upon his rights in the property foreclosed. However, Diamond retained the right to foreclose against Troll's interest and that right was effectively exercised through the quiet title proceedings. We further conclude that Troll was entitled to the same rights of redemption in the quiet title action that he would have had in the original foreclosure action; however, he was not entitled to a pro tanto redemption. We order the judgment modified to reflect that Troll was entitled to a one-year redemption period.

## STANDARD OF REVIEW

█ Matters presenting pure questions of law, not involving the resolution of disputed facts, are subject to the reviewing court's independent or de novo review. (*Ghirardo* v. *Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960].) When the meaning of writings is in dispute and there is no conflict in the evidence, the question is one of law and the reviewing court gives the writings its own independent interpretation. (*Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1084 [258 Cal.Rptr. 721].) Likewise, the interpretation of a statute is a question of law to be determined by the reviewing court de novo. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].) The facts of this case are not in dispute but there are significant issues of law to be resolved, including the interpretation of statutes and the meaning of writings which determine the rights of the parties.

## DISCUSSION

A. *The Holder of an Easement on Real Property, Although Junior to a Foreclosing Party, Is Not Bound by a Judgment of Foreclosure Unless Made a Party to the Judicial Foreclosure Proceedings*

█ "It is well settled that a conveyance under a foreclosure decree does not affect the title held by persons who are not made parties to the action of

foreclosure if such title appears of record when the action is begun." (*Shurtleff* v. *Kehrer* (1912) 163 Cal. 24, 29 [124 P. 724].) A grantee of a mortgagor, when the grant was subsequent to the recording of the mortgage, must be made a party to a suit to foreclose on the mortgage or the grantee will not be bound by the judgment of foreclosure. (*Burns* v. *Hiatt* (1906) 149 Cal. 617, 620 [87 P. 196].)

■ On October 12, 1988, a grant of easement was recorded affecting the real property owned by Diamond. The easement, accruing to the benefit of Troll, was of record when the foreclosure proceeding was started. Troll contends that it was necessary for Diamond to name and serve him as a party in the foreclosure proceeding regarding the property encumbered by the easement. Diamond argues that it was not necessary for it to serve Troll. We conclude that Troll's position, rather than Diamond's, is correct.

California Code of Civil Procedure section 726, subdivision (c), which deals with judicial foreclosures, provides: "[T]he sale of the encumbered real property . . . does not affect the interest of a person who holds a conveyance from or under the mortgagor of the real property . . . if the conveyance or lien appears of record in the proper office at the time of the commencement of the action and the person holding the recorded conveyance or lien is not made a party to the action." According to Civil Code section 1215, a conveyance "embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, or by which the title to any real property may be affected, except wills."

Diamond argues that the meaning of the word "conveyance" in the present context does not include the grant of an easement. However, we see no reason to distinguish between this transfer of an interest in the real property and other transfers such as a transfer of a fractional interest or a lesser estate in the property. All interests in real property that are of record are matters of concern to a foreclosing party and the title company that the party employs to search the record. There is no practical reason why the foreclosing party should not name all persons who have a recorded interest in the property. To accede to Diamond's arguments here would establish a rule which allows parties foreclosing in judicial proceedings to take shortcuts in giving notice to interested parties. The modern custom and practice is to name any party who has an interest in the property. That is the logical thing to do and the logical rule for this court to follow.

Diamond argues that such a requirement would create an inconsistency between judicial and nonjudicial foreclosures; in nonjudicial foreclosures the

trustee is not obligated to serve persons holding an easement on the subject parcel. (See *Perez* v. *222 Sutter St. Partners* (1990) 222 Cal.App.3d 938 [272 Cal.Rptr. 119].) *Perez,* which deals with a nonjudicial foreclosure, holds "[t]he duties of a foreclosure trustee are strictly defined by the deed and the relevant statutes." (*Id.* at p. 944.) Our Supreme Court has stated that that "[t]he nonjudicial foreclosure statutes—an alternative to judicial foreclosure—reflect a carefully crafted balancing of the interests of beneficiaries, trustors, and trustees." (*I.E. Associates* v. *Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 288 [216 Cal.Rptr. 438, 702 P.2d 596].) A judicial foreclosure is not based on the same statutory scheme. Further, the *Perez* court was concerned about the obligations of trustees and the burdens placed on trustees as intermediaries between parties in dispute. In a judicial foreclosure, a party directly initiates the action, and a judicial foreclosure is a judicial action subject to statutory and common law requirements to give notice to interested parties. The rule that we support here simply requires a foreclosing party in a judicial foreclosure to give notice to persons who have a recorded interest in the real property which is junior to that of the foreclosing party.[2]

Consistency is a preferred course of action when seeking a solution to two identical or very similar problems. Here, however, the two foreclosure proceedings have basic differences which call for different solutions. We take the statutes and case law as we find them and, if necessary, we live with inconsistencies in the law.[3]

### B. *A Foreclosing Party in a Judicial Foreclosure Who Inadvertently Fails to Name a Necessary Party Retains a Right of Foreclosure Against the Party Not Named*

Having established that Diamond should have named Troll in the foreclosure proceedings, we next must address the effect of its failure to do so. At first blush one would be tempted to argue that Diamond has lost its chance; Troll argues that Diamond should not get a "second bite of the apple." This position does not, however, have legal support, in California or generally.

In *Carpentier* v. *Brenham* (1870) 40 Cal. 221, the holder of a senior mortgage on real property foreclosed but failed to name a junior mortgage

---

[2]We find ourselves in disagreement with the justices in the *Perez* case in their discussion of the "risks and burdens" of trustees in searching for easements recorded against property. It is not our understanding that locating easements is a task that is "daunting." (*Perez* v. *222 Sutter St. Partners, supra,* 222 Cal.App.3d at p. 949.) Any sensible foreclosing party would use a title company for its search and those institutions are prepared to easily locate recorded easements.

[3]We are reminded of the sentiment attributed to Winston Churchill that we prefer to be both right and consistent but if we must choose, we will choose to be right.

holder. The court held the senior mortgage holder properly acquired title but did so subject to the junior mortgage. The court further held that the senior mortgagor retained the right to foreclose against the junior and the junior retained the right to redemption of the property.

The general rule in other jurisdictions is the same: "Since foreclosure is without effect as to necessary parties to the foreclosure whom the mortgagee failed to name as such, if the mortgagee is the successful bidder at the foreclosure sale, he continues to own an unforeclosed mortgage as to such parties. He may, therefore, on discovering his mistake bring a new foreclosure suit against such parties.

"If a stranger purchases at the foreclosure sale, the sale operates also as an assignment of the mortgage to such purchaser, [citations] who is subrogated to the lien of the mortgage. [Citation.] The purchaser can then foreclose out the omitted junior interests. [Citation.]" (Kratovil & Werner, Modern Mortgage Law & Practice (2d ed. 1981) Foreclosure, § 41.09(c)(1), p. 615.)

The foregoing text refers to a junior mortgage holder. Our case involves a junior easement holder. We, therefore look to other texts on the subject. Osborne, in Handbook on the Law of Mortgages (2d ed. 1970) Foreclosure, section 313, pages 654-655, indicates that when the unnamed party is the holder of a leasehold interest, the purchaser at the foreclosure sale has a right to subsequently foreclose upon the rights of the unnamed party.

We have found no cases in California addressing the situation where the unnamed party is a holder of an easement. But we find instruction on that issue in two venerable cases from other jurisdictions. The case of *Monese* v. *Struve* (1936) 155 Or. 68 [62 P.2d 822] involved the owner of the dominant tenement of a party wall easement. In a foreclosure on property which was the servient tenement the foreclosing party failed to serve the owner of the dominant tenement. The Supreme Court of Oregon held that "[t]he mortgagee has the right to a second foreclosure as to the parties omitted in the first foreclosure. A resale of the premises affords defendants every right which they would have had if they had been properly joined as parties in the first foreclosure and subjects them to no additional inconvenience or hardships. The theory of the law is that as to them the mortgage is unforeclosed." (*Id.* at p. 825.) As in this case, the complaint was made in *Monese* that it was not right that the foreclosure should be done in a piecemeal fashion. To that argument, the court replied that the foreclosing party was simply correcting a mistake and finishing a foreclosure which was initially defective only because of a failure to serve a party. (*Id.* at p. 827)

In *Hinners* v. *Birkevaag* (1933) 113 N.J. Eq. 413 [167 A. 209], the Court of Chancery of New Jersey faced a similar factual situation. The party unnamed in the foreclosure proceeding was the owner of a roadway easement across the foreclosed property. The court held that the foreclosure was not conclusive against the easement holder; however, the foreclosing party was entitled to a new foreclosure against the unnamed party.

We agree with the reasoning of these cases. While it certainly would have been preferable for Diamond. to have named and served Troll in the first instance, Troll was not an indispensable party. The foreclosure was valid as to the parties served. We see no prejudice to Troll in determining his rights in the subsequent quiet title action so long as he was afforded the same rights that he would have had if he had been a party to the first proceeding.

C.    *A Party Not Named in a Judicial Foreclosure Proceeding but Named in a Subsequent Quiet Title Proceeding Is Entitled to an Equitable Right of Redemption*

The trial court shared our concern that Troll should have received notice of the foreclosure proceeding. In its judgment the court attempted to put Troll back in the same position in which he would have been had he been named in the original foreclosure proceeding. The court's reasoning was that Troll would have had the right to bid in at the foreclosure sale. Therefore, the court gave Troll an equitable right of redemption and allowed him to bid in excess of Diamond's foreclosure sale bid and thereby acquire the property. If Troll failed to exercise the right given him by the court he forfeited his rights in the property.

The court relied upon the case of *Fox* v. *California Title Ins. Co.* (1932) 120 Cal.App. 264 [7 P.2d 722] to support its position. The facts of that case are convoluted: The beneficiary of the foreclosing first mortgage, Olsen, was also the beneficiary of a second trust deed. When Olsen foreclosed, judicially, on his mortgage, he intentionally omitted to name himself as the beneficiary of the second trust deed. In the foreclosure proceedings, Fox was the successful bidder and became the owner of the property by foreclosure deed. Olsen died and his heirs apparently discovered the second trust deed among his assets and attempted to foreclose. Fox filed an action in quiet title to avoid the foreclosure of the second trust deed. The court found that the beneficiary of a second trust deed who was not named in a foreclosure proceeding retained his right of redemption. The court further held that his right of redemption was no greater than it would have been at the time of the foreclosure. Thus the redemption right allowed him a claim upon the surplus

proceeds in the sale on the first mortgage. The trial court gave the heirs of the beneficiary these rights in an interlocutory judgment but the heirs declined to assert the rights. The Court of Appeal therefore confirmed that the heirs had no further interest in the real property. Consistent with that approach, the trial court here gave Troll an equitable right of redemption which he declined to exercise.

*Fox* involved a junior lienor who asserted a right to recover money where the property was security for the debt. The present case involves an easement, an interest in the real property. Therefore, there are significant differences in considering rights of redemption. In the case of the junior lienor, problems arise involving the amount of the indebtedness, the amount of the bid made at the foreclosure sale, the existence or absence of a surplus, the right to a deficiency judgment, etc. We are not concerned with those issues in the present case. Rather, we are concerned with the respective rights of the parties in the real property. Troll acquired his easement on the servient tenement subject to the trust deed owned by Diamond. Because of the recorded trust deed, he was on notice when he acquired the easement that Diamond could foreclose and wipe out his easement. We see no reason to give a party, so situated, a release from that burden simply because of a failure to give notice of a judicial foreclosure. While it is true that the foreclosing party should have given the notice in the first instance, that party must undergo the burden of engaging in a second judicial proceeding to correct the error.

Our Supreme Court faced a factual situation similar to the instant case in *Burns* v. *Hiatt, supra,* 149 Cal. 617, in which the plaintiff, Burns, claimed a fee interest in property which was a portion of mortgaged property. The mortgaged property had been occupied by the defendant, Hiatt, after Hiatt had foreclosed on his mortgage on the entire parcel. Hiatt had not named Burns in the foreclosure action. The court held that the foreclosure was void as to Burns because he was not named and Burns continued to hold title to his portion of the property. The court further held, however, that Hiatt's mortgage continued to encumber Burns's property. The court explained, "[a] long line of authorities holds that, where for any reason foreclosure proceedings are void, not only does the mortgage continue alive for the benefit of the mortgagee, or the purchaser at the foreclosure sale, as his assignee, but also, if the person entitled to the benefit of the mortgage peaceably and in good faith, under color of such foreclosure proceedings, enter into possession of the mortgaged premises, he does obtain possession in a lawful manner and is a mortgagee in possession, with all the rights incident thereto, and cannot be dispossessed by the mortgagor without payment of the debt.

[Citations.]" (*Burns* v. *Hiatt, supra,* at p. 624.) Similarly, in the instant case, the court reached an equitable result by confirming Diamond's possession of the property subject to Troll's right of redemption.

The judgment stated that Troll should have an equitable right to redemption within 90 days from the date of the judgment. Troll argues that he was entitled to a one-year redemption period under Code of Civil Procedure section 729.030, subdivision (b). Diamond has failed to address this argument. As discussed above, Troll is entitled to be placed in the same position he would have been in had he been named as a party to the original foreclosure proceeding. Because the judgment of foreclosure resulted in a deficiency, Troll would have been entitled to a one-year redemption period under Code of Civil Procedure section 729.030, subdivision (b). Thus, the judgment must be amended accordingly to give Troll an equivalent right.

### D. *Pro Tanto Equitable Redemption Is Not Available as a Remedy, Because of the Nature of the Easements in This Case*

Citing Code of Civil Procedure sections 346 and 347, Troll argues that the remedy of pro tanto redemption is available to him.

Code of Civil Procedure section 346 provides that an action to redeem a mortgage of real property may be brought by the mortgagor or those claiming under him. Troll contends, by reason of receiving his grant of easement from the original mortgagor of the property, that he is one "claiming under" the mortgagor.

Code of Civil Procedure section 347 provides: "If there is . . . more than one person claiming under a mortgagor . . . any one of them who is entitled to maintain such an action may redeem therein a divided or undivided part of the mortgaged premises, according as his interest may appear . . . on payment of a part of the mortgage money, bearing the same proportion to the whole of such money as the value of his divided or undivided interest in the premises bears to the whole of such premises."

These statutes do not apply to the present situation. Nothing in the record indicates that others besides Troll claim under the mortgagor; Troll is not "more than one person claiming under a mortgagor." The classic situation encompassed by Code of Civil Procedure section 347 would involve a mortgagor who had divided the property into a number of lots and sold them to different owners. The rights of those parties would be apportioned and each could redeem pro tanto. Troll seeks something different: He wants a reduction in his cost of redemption on the ground his easement does not

encumber the entire mortgaged property and therefore he should not be forced to redeem the entire amount of the mortgage.

We see some support for Troll's position in the same cases that address the rights of an easement holder who is not named in a judicial foreclosure. In *Monese* v. *Struve, supra,* 62 P.2d 822, the court permitted a pro tanto redemption when the easement was for a party wall that occupied only a small portion of the mortgaged premises. Likewise in *Hinners* v. *Birkevaag, supra,* 167 A. 209, when the easement was a right of way for road purposes, the court did not require the redemption of the entire parcel because only a portion was affected by the easement. However, in each of these cases the easement was physically defined and the parties could easily separate the amount of space occupied by the easement versus the amount of the entire mortgaged property. The same cannot be said for Troll's easements.

With the exception of Troll's easement for roadway purposes, Troll's easement rights cannot be conveniently divided. His easement for drainage could potentially affect the entire mortgaged property. His "easement" right to attach a portion of his property to the development of the mortgaged property would appear to impact the entire parcel. Also, the right of certain of Troll's transferees to play on the golf course presumably impacts the whole parcel.

It would be possible to attribute values to each of these easements or rights and fashion some sort of a pro tanto redemption plan based upon those values. Troll, however, has not provided us with convincing authority to require us to take that action. Troll cites us to *Green* v. *Dixon* (1859) 9 Wis. 532, where the party left out of the foreclosure proceedings gave notice of her presence and tried to become a party in order to assert her rights. The foreclosing party ignored her and proceeded with the foreclosure without her. The court held the unnamed party had an equitable right to a pro tanto redemption. (*Green, supra,* at p. 539.) Setting aside the equitable considerations compelled by the fact that the foreclosing party ignored the notice given of the unnamed party's rights, *Green* is distinguishable for the same reason as the previous cases: The unnamed party had been conveyed a clearly defined number of acres of a larger parcel, a situation that we do not have here.

The California cases cited by Troll are either distinguishable or simply do not apply. The portion of the case of *Burns* v. *Hiatt, supra,* 149 Cal. 617

quoted by Troll is dicta[4] but even if it were a part of the ratio decidendi, the facts of the case make it distinguishable as to this point. In *Burns* the property was divided into identifiable sections. *Wadleigh* v. *Phelps* (1906) 149 Cal. 627 [87 P. 93] hurts rather than helps Troll, in that it holds that the mortgagee is entitled to a single treatment of his mortgage debt and a resolution of the interests of multiple mortgagors. (*Id.* at pp. 635-636) Likewise, *Kirkham* v. *Dupont* (1860) 14 Cal. 559 is of no help to Troll. That case holds that a subsequent mortgagee of a portion of the property has redemption rights in a prior mortgage as to only the portion of the property subject to his mortgage. Indeed, the case could be used against Troll to argue that he is not entitled to be put in a position any better than he would have had if he had been named in the foreclosure action in the first instance.

After the *Monese* decision, the Harvard Law Review commented upon the general subject. The reasoning of that casenote still applies today: "Although as a general rule the holder of a subsequent partial encumbrance may redeem the mortgaged premises only in entirety, the [*Monese*] court based its decision upon an exception recognized in a number of states that a mortgagee, who forecloses without making all the interested persons parties to the proceedings, and buys in the property, thereby loses his right to prevent a redemption of less than the entire property. [Citations.] But it is difficult to see why one should be given the right to partial redemption merely because of his omission from the original foreclosure proceedings. At most, he is entitled to be placed in as favorable a position as though he had been joined in the original proceeding, a result which may be achieved by ordering a resale of the entire premises." (Recent Cases (1937) 50 Harv. L.Rev. 990.)

Troll has not convinced us that, in California, he is entitled to the exception to the general rule that he must redeem the whole mortgage. When easements are vaguely defined and possibly cover the entire mortgaged property, equity requires that the holder of the easement must redeem as if he were a bidder at the original foreclosure sale of the entire parcel for the price of the entire encumbrance. The lower court entered judgment accordingly.

E. *Troll Waived His Defense of Statute of Limitations by Failing to Plead It in the Proceedings Below.*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[4]We are mindful that dicta from the California Supreme Court should be very persuasive to us. (*Smith* v. *County of Los Angeles* (1989) 214 Cal.App.3d 266, 297 [262 Cal.Rptr. 754].)

\*See footnote, *ante*, page 1.

## DISPOSITION

The judgment of the trial court is ordered modified to allow Troll a one-year redemption period. As modified, the judgment is affirmed. Each party shall bear its own costs on appeal.

Richli, Acting P. J., and Gaut, J., concurred.