Opinion
LEE, P. J.
Proceedings Below
Appellant William Mitchell was employed by respondent Yoplait, a division of General Mills, Inc., as a warehouse worker in its distribution center in Carson, California. In July 1999, appellant and other employees at the center voted on and passed an alternative workweek schedule (AWS), wherein the center’s employees agreed that they would work three 12-hour shifts and one six-hour shift a week (hereafter 12-12-12-6). Under the agreement, only the last two hours in each 12-hour shift were *Supp. 10 considered overtime entitled to time-and-a-half wages; in other words, they did not receive overtime pay for the ninth and tenth hours of work on the 12-hour shift days. The agreement was confirmed by the employees in another vote in March 2001.
On July 14, 2000, appellant filed a complaint with the Labor Commissioner, contending that the AWS was illegal, on the basis that the Labor Code only permitted an AWS of 10 hours a day for four days (hereafter 10-10-10-10). Appellant argued that he was entitled to overtime pay for the ninth and tenth hours of each 12-hour shift. Appellant, who had been paid $17.44 per hour for 36 hours and $26.16 per hour for six hours a week, sought overtime pay for an additional six hours per week. The hearing officer ruled in favor of appellant, finding that the AWS agreement was null and void, since “[t]en hours is the maximum numbers of hours allowed under the alternative workweek provisions . . . .” The order, decision, or award of the Labor Commissioner awarded appellant overtime wages in the amount of $4,662.66, as well as interest in the amount of $911.85. Respondent timely filed a request for de novo review in the superior court under Labor Code section 98.2.[1]
On August 22, 2002, respondent filed a motion for summary judgment. It argued that section 511 explicitly allowed an AWS of longer than 10 hours, as long as the employer pays overtime after 10 hours, which respondent did, and that regulations of the Industrial Welfare Commission (IWC) explicitly permitted its AWS with three 12-hour days. Appellant did not dispute respondent’s factual allegations, but argued that, as a matter of law, the AWS was illegal and unenforceable. The parties executed a joint stipulation of facts, and the matter proceeded as a court trial. By its statement of decision and judgment filed on November 26, 2002, the trial court found for respondent. The court noted that the law generally provided for an eight-hour day and overtime for all hours in excess of 40 hours a week, but that an AWS entered into pursuant to section 511 was an exception to such rules. The statement of decision and judgment contained the following conclusion by the trial court: “The I.W.C. Order and the Labor Code when read together, though seemingly convoluted and in conflict, do conclude in the following results in the view of this court. [j[] 1. The A.W.S. entered by the employees was lawful and in accordance with the 12-hour per day limit as stated in § 511(b) of the Labor Code. [j[] 2. All hours worked in excess of 40 per week must be paid at a rate of 1-1/2 times the regular rate of pay. [j[] 3. The defendant has been paying its employees, including the plaintiff, at a lawful rate and continues to do so. [f] Judgment for the defendant. . . .”
*Supp. 11 Contention On Appeal
In this timely appeal, appellant argues that the Labor Code only allows an AWS in the context of a 40-hour workweek where an employee works 10-10-10-10. Since respondent’s AWS called for 12-12-12-6, asserts appellant, it was illegal, and he is entitled to overtime for the ninth and tenth hours worked on the three 12-hour shift days.
Discussion
The resolution of this appeal turns on the correct interpretation of section 511. Since this matter presents a pure question of law, and the underlying facts are not in dispute, this case is subject to our de novo review. (Ghirardo v. Antonioli (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960]; Diamond Benefits Life Ins. Co. v. Troll (1998) 66 Cal.App.4th 1, 5 [77 Cal.Rptr.2d 581].)
Section 510 sets out the basic framework for regular and overtime hours. Section 510, subdivision (a), provides in relevant part as follows:
“Eight hours of labor constitutes a day’s work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. . . . The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following: [][] (1) An alternative workweek schedule adopted pursuant to Section 511 ... .”
Section 511, created by Assembly Bill No. 60 (Assembly Bill 60) (Stats. 1999, ch. 134, § 5) and unofficially entitled “Alternative workweek schedules,” provides in relevant part as follows:
“(a) Upon the proposal of an employer, the employees of an employer may adopt a regularly scheduled alternative workweek that authorizes work by the affected employees for no longer than 10 hours per day within a 40-hour workweek without the payment to the affected employees of an overtime rate of compensation pursuant to this section. A proposal to adopt an alternative workweek schedule shall be deemed adopted only if it receives approval in a secret ballot election by at least two-thirds of affected employees in a work unit. The regularly scheduled alternative workweek proposed by an employer for adoption by employees may be a single work schedule that would become the standard schedule for workers in the work unit, or a menu of work *Supp. 12 schedule options, from which each employee in the unit would be entitled to choose. [][] (b) An affected employee working longer than eight hours but not more than 12 hours in a day pursuant to an alternative workweek schedule adopted pursuant to this section shall be paid an overtime rate of compensation of no less than one and one-half times the regular rate of pay of the employee for any work in excess of the regularly scheduled hours established by the alternative workweek agreement and for any work in excess of 40 hours per week. An overtime rate of compensation of no less than double the regular rate of pay of the employee shall be paid for any work in excess of 12 hours per day and for any work in excess of eight hours on those days worked beyond the regularly scheduled workdays established by the alternative workweek agreement. . . .”
We are required to “give meaning to every word of a statute if possible, and . . . avoid a construction making any word surplusage. [Citation.]” (Arnett v. Dal Cielo (1996) 14 Cal.4th 4, 22 [56 Cal.Rptr.2d 706, 923 P.2d 1].) Under section 511, subdivision (a), an AWS may not require employees to work longer than 10 hours in a day without receiving overtime compensation. Appellant interprets section 511, subdivision (a), to prohibit any workday longer than 10 hours in any AWS, and thus respondent’s AWS, with three 12-hour workdays, is illegal and unenforceable. This interpretation, however, is contradicted by subdivision (b) of section 511, which specifically provides for a 12-hour workday in an AWS. We conclude that the AWS at issue in this case, under which the employees worked 36 hours at regular pay and six hours at overtime pay, is in accord with the statutory scheme and legally proper.[2]
This conclusion is consistent with the relevant legislative history of Assembly Bill 60. The legislative reports provide that “the maximum legal daily hours of work are not at issue in this bill. . . .” (Assem. Com. on Labor & Employment, Analysis of Assem. Bill 60 (1999-2000 Reg. Sess.) as amended Apr. 26, 1999, com. 6; id., as amended Mar. 15, 1999, com. 6.) Furthermore, the purpose of section 511 was not to limit the overall number of hours in an alternative workweek shift, but rather to “limit[] the alternative schedules to not more than 10 hours per day without triggering daily overtime.” (Assem. Com. on Labor & Employment, Analysis of Assem. Bill 60 (1999-2000 Reg. Sess.) as amended Apr. 26, 1999, com. 3; id., as amended Mar. 15, 1999, com. 3.) The statutory scheme “allows a menu of alternative workweek options rather than a single choice such as a 4/10 (four ten hour day) schedule.” (Ibid.)[3]
*Supp. 13 The judgment is affirmed. Respondent to recover costs on appeal.
Wasserman, J., and Lager, J., concurred.

 All further statutory references are to the Labor Code unless otherwise indicated.

 Respondent’s requests for judicial notice are granted. Respondent’s motion to strike all or portions of appellant’s reply brief is denied.

 This interpretation is further supported by the IWC, which, in the “Statement As To The Basis” for wage order No. 1-2001 (Cal. Code Regs., tit. 8, § 11010 et seq.), opined that *Supp. 13 “reading these two provisions of the Labor Code [subdivisions (a) and (b) of section 511] together, an employer who requires an employee to work beyond the number of hours established by the alternative workweek agreement, even if such overtime hours are worked on a recurring basis, does not violate the law if the appropriate overtime compensation is paid.”