Filed 3/6/14 Teacher v. Teacher CA5/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BRUCE P. TEACHER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BRIAN D. TEACHER et al.,<br><br>    Defendants and Respondents. | D063391<br><br><br><br>(Super. Ct. No. 37-2008-00151918-<br> PR-TR-CTL ) |

APPEAL from an order of the Superior Court of San Diego County, Richard G.

Cline, Judge. Affirmed; the motion to augment the record is denied.

Bruce P. Teacher, in propria persona, for Plaintiff and Appellant.

Patrick L. McCrary; Peterson, Burnell, Glauser & Allred and Chris J. Allred, for

Defendants and Respondents.

In this probate matter, plaintiff and appellant Bruce P. Teacher (Appellant) is a

beneficiary of several family trusts set up by his parents, including the Teacher Family

Trust dated August 29, 1984, and the Theodore A. Teacher Testamentary Trust under his

will dated June 11, 1964. Respondents Brian D. Teacher and Theodore M. Teacher

(Respondents), his two brothers, are also beneficiaries, and they serve as trustees.

Appellant appeals an order enforcing a written, court-approved settlement agreement that

he entered into with Respondents, concerning disputes over certain provisions of the

trusts. (Prob. Code,[1] §§ 1300, 1304, subd. (a) [authorizes appeals from orders in trust

matters, such as orders that deal with the internal affairs of a trust pursuant to section

17200]; Code Civ. Proc., §§ 664.6; 904.1, subd. (a)(10).)

Appellant contends the probate court erred in several ways in issuing this order.

However, on the sparse record provided, we can only conclude the probate court's

determination that Appellant agreed to the terms of the settlement is well supported, and

it should properly be enforced. We affirm.

I

BACKGROUND

The clerk's transcript mainly consists of one document, the October 3, 2012 order

after hearing, granting the motion to interpret and enforce the terms of the settlement

agreement, and to appoint an elisor to execute Appellant's signature, if he did not sign the

settlement documents in a timely manner. The remainder of the clerk's transcript

---

1    All further statutory references are to the Probate Code unless noted. There is a
third family trust which need not be discussed here. This appeal is taken only from the
order concerning certain trust assets, Hilldale Apartments. There is also a companion
probate action concerning other trust assets (warehouses), in which similar orders were
entered, but no separate issues are presented from that case. (*In re Theodore A. Teacher
Trust dated June 11, 1964* (Super. Ct. San Diego County, No. 37-2008-00151929-PR-
TR-CTL).)

2

includes the notice of appeal and designation of record, and one reporter's transcript was designated.

We granted a request by Appellant to augment the record to include three additional reporter's transcripts from various hearings concerning the settlement efforts. (Cal. Rules of Court, rule 8.155; all rule references are to these rules.) Taken together, the transcripts show that on July 5, 2011, the parties apparently entered into a handwritten stipulation and order for settlement before the court (Judge Jay Bloom). At a continued hearing on December 15, 2011, the parties continued to discuss the settlement and on February 1, 2012, they signed the formalized settlement document. At various times, Appellant was represented by an attorney, but mainly he represented himself.

At an additional hearing on August 16, 2012 before Judge Cline, the court and counsel discussed the settlement terms, on how title would be held to the property, and Respondents brought a motion that they be enforced, through the appointment of an elisor if necessary. In pro per, Appellant presented his objections. The record does not include any moving or opposing papers. The court stated that the North County probate division was being closed and all matters were being reassigned to the central probate division. However, the court clerk, as directed, obtained a hearing date for another hearing to be held before the same judge.

At that specially set September 27, 2012 hearing, the court summarized Appellant's objections, and stated that the issues presented were limited to whether the settlement agreement should be enforced, and observed that Appellant's previous claims and objections had been merged into the settlement agreement. The court found that

3

none of the objections currently being raised by Appellant was relevant to the subject of the motion. The court ruled that granting the motion was in the best interests of all the beneficiaries. Appellant had failed to set out how he was harmed by carrying out the settlement agreement, and his objections were without merit. Fees and costs were awarded against Appellant, and the appointment of an elisor was authorized if the settlement documents were not signed by October 3, 2012, and the formal order was filed that date. Appellant filed his notice of appeal.

Appellant has additionally requested that the record be augmented to include the stipulation and order for settlement entered into July 5, 2011, before the court (Judge Bloom). We are aware that Appellant previously requested augmentation of the record with numerous materials, including that document, but the copies provided were not in proper format and his request was denied. He has not provided a copy of that stipulation, and no such document is in the file. The request was deferred to this merits panel and is now denied as incomplete. Even if it were to be considered, it would not appear to resolve any of the current issues.

II

*BURDEN ON APPEAL*

An appellant has the burden to provide an adequate record and affirmatively to show reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) It is the appellant's duty to support arguments in his or her briefs by references to the record on appeal, including citations to specific pages in the record. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*); *Banning v. Newdow* (2004) 119 Cal.App.4th

4

438, 453, fn. 6 (*Banning*).) The arguments on appeal must be restricted to evidence in the record, and any reference to matters outside the record on appeal generally will not be considered. (Rule 8.204(a)(2)(C) [appellant's opening brief must provide a summary of significant facts limited to matters in the record on appeal].)

It is well established that "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

III

*APPLICABLE STANDARDS; ANALYSIS*

Appellant seeks de novo review of the probate court's order, claiming that only pure questions of law are presented, or alternatively, that the substantial evidence test may be applied where factual issues were resolved. (*Diamond Benefits Life Insurance Co. v. Kroll* (1998) 66 Cal.App.4th 1, 5.) Appellant objects to the procedure used in continuing the hearing, after the closure of the North County probate department, but he does not show any jurisdictional basis for such an objection. Appellant also makes

5

generalized due process claims, and argues that he did not receive fair hearings, although nothing in the record shows that he raised such objections below through any efforts to disqualify the judge.

As relevant here, Code of Civil Procedure section 664.6 provides that parties to pending litigation may stipulate to settlement of a case, and "the court, upon motion, *may enter judgment pursuant to the terms of the settlement*. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (Italics added.)

This appeal of the order enforcing the settlement agreement pursuant to the summary procedures of Code of Civil Procedure section 664.6 is properly reviewed under the following standards:

> "Factual determinations made by a trial court on a section 664.6 motion to enforce a settlement must be affirmed if the trial court's factual findings are supported by substantial evidence. [Citations.] Other rulings are reviewed de novo for errors of law." (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 815 (*Weddington*).)

Contract principles apply to such agreements: "A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts. [Citation.] An essential element of any contract is 'consent.' [Citations.] The 'consent' must be 'mutual.' [Citations.]" (*Weddington, supra,* 60 Cal.App.4th 793, 810-811.) A settlement is valid, binding, and enforceable under Code of Civil Procedure section 664.6 if the parties agreed to all material settlement terms. (*Hines v. Luke* (2008) 167 Cal.App.4th 1174, 1182.)

6

Due to the sparseness of this appellate record, the issues boil down to whether Appellant has presented any understandable, persuasive, or supported arguments on appeal, about any claimed detriment to him from the enforcement of the agreement that he signed.  The probate court held several hearings and allowed opposition to be filed to the motion for enforcement, and then made specific findings in the reporter's transcript that Appellant's objections were without merit.  The record supports the findings and the order.  Appellant has failed to show that any error or abuse of discretion occurred in these respects.

## DISPOSITION

The request to augment the record is denied and the order is affirmed. Respondents are awarded costs on appeal.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


McDONALD, J.


7