UNITED STATES of America

v.

CERTAIN PARCELS OF LAND IN the CITY OF PHILADELPHIA, COMMON-WEALTH OF PENNSYLVANIA, Samuel Miller, et al.

Willie Greaves Corp., Appellant.

No. 14712.

United States Court of Appeals Third Circuit.

Argued Sept. 15, 1964.

Decided Dec. 15, 1964.

Edward L. Snitzer, Philadelphia, Pa. (Stanley E. Gordon, Philadelphia, Pa., on the brief), for appellant.

George R. Hyde, Dept. of Justice, Washington, D. C. (Ramsey Clark, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., Roger P. Marquis, Grace Powers Monaco, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee United States.

Thomas L. Shannon, Jr., Philadelphia, Pa., for appellee Miller.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

BIGGS, Chief Judge.

This is an appeal from the order of the court below denying as compensable a claim asserted by Willie Greaves Corporation in an eminent domain proceeding brought by the United States and now pending in the court below. To put the matter briefly we state that the record shows that the United States filed a complaint in condemnation and a declaration of taking on November 1, 1961. A copy of the complaint was served on Samuel Miller, as owner of the fee of the premises here in issue, designated as Parcel E–15. It does not appear that a copy was served on Willie Greaves Corporation, which claims to be the lessee of Miller through an assignment of a lease from Miller to one Raditz. Counsel for Greaves Corporation filed an appearance on its behalf on December 22, 1961. Thereafter, Miller filed a petition for an order for partial distribution of the funds that the government had paid into court and had allocated to Parcel E–15. This petition was granted on March 21, 1962. On March 20, 1963, a stipulation between the United States and Miller was filed with the court below whereby the United States agreed that $47,500 was just compensation for this parcel and that the United States would pay an additional $15,500 into the registry of the court, this sum representing the difference between just compensation and the amount deposited and allocated to the parcel of land. On that day the court below entered an order in which it found Samuel Miller to be the only party having or claiming an interest in Parcel E–15 and, pursuant to the stipulation, found $47,500 to be just compensation. The additional sum of $15,500 was paid into the registry of the court. As far as the record discloses, Greaves Corporation received no notice of these proceedings.

Thereafter, the United States filed a petition for a rule to show cause to be

directed to Greaves Corporation to cause it to set forth the nature of its claim and to establish its validity. On July 19, 1963, the court issued the rule. We note also that it does not appear that the petition to show cause and the order thereon were served upon Greaves Corporation in accordance with the terms of the order itself. But in any event the government's petition and an answer filed thereto by Greaves Corporation came on for hearing before the court below on August 5, 1963. Greaves Corporation's counsel stated to the court that he had not realized, though he should have done so, that he was required to establish at the hearing not only the nature of his client's claim but also the validity of the claim. He requested an adjournment until the following day. The court below, stating that it desired the matter disposed of on that day, did grant a continuance of about one hour and Willie Greaves himself appeared and testified that Greaves Corporation was the owner of the leasehold by virtue of an assignment from Raditz who had a lease from Miller. No documentary proof was produced, however. At the conclusion of the hearing the court below stated: "[L]et the record show that in my opinion the entire proceedings here are what might be termed as res judicata. This whole matter has been determined by judgment of condemnation. If there is any action prevailing, of which I am unaware, it would be one between Greaves and Miller or Raditz, in which I am entirely uninterested."

■ The court below was in error. There was no res judicata here. Rule 71A(c) (2), Fed.R.Civ.Proc., 28 U.S.C., provides in pertinent part, "[P]rior to any hearing involving the compensation to be paid for a piece of property, the plaintiff shall add as defendants all persons having or claiming an interest in that property whose names can be ascertained by a reasonably diligent search of the records * * * and also those whose names have otherwise been learned." Upon the filing of the appearance on behalf of Greaves Corporation, if not before, the United States learned that Greaves Corporation claimed an interest and that therefore it was entitled to a copy of the complaint. Rule 71A(e), Fed.R.Civ.Proc., 28 U.S.C., provides in pertinent part, "If a defendant has no objection or defense to the taking of his property, he may serve a notice of appearance designating the property in which he claims to be interested. Thereafter he shall receive notice of all proceedings affecting it." Greaves Corporation also was entitled to receive notice of the proceedings involving both partial and final distribution. Since it did not receive these notices there was no res judicata here.

■■ In view of the fact that the court below erroneously held the issue of ownership was res judicata, and in view of the irregularity of the notice given to Greaves Corporation and the further fact that findings of fact and conclusions of law were not made by the court below as required by the Federal Rules of Civil Procedure, we think the judgment appealed from should be vacated and the cause remanded with the direction to the court below to give to Greaves Corporation notice as required by law and a further day in court at which time Greaves Corporation shall be given the opportunity to prove its claim, if any. We point out that Greaves Corporation's claim, if any, is not necessarily limited to the fund in the registry of the court below. See Rule 71A(j) Fed.R.Civ. Proc., 28 U.S.C.

The judgment of the court below will be vacated and the cause remanded. The court below shall make findings of fact and conclusions of law as required by the Federal Rules of Civil Procedure.