CITIBANK, N.A., Plaintiff-Appellant,

v.

OXFORD PROPERTIES & FINANCE
LIMITED, Defendant-Appellee.

James S. LEE and James S. Lee & Co.,
(Guam), Ltd., Plaintiffs-Appellees,

v.

CITIBANK, N.A., Defendant-Appellant.

Nos. 80–4449, 80–4450.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1982.

Decided Sept. 28, 1982.

Matthew C. Gruskin, Ferenz, Williams, Gruskin & Ashton, Agana, Guam, for Citibank.

Douglas F. Cushnie, Cushnie & Fitzgerald, Agana, Guam, for Oxford.

Mark E. Cowan, Arrila & Cowan, Agana, Guam, for Lee.

Before MERRILL, KENNEDY, and CANBY, Circuit Judges.

KENNEDY, Circuit Judge:

These two related appeals involve three parties. James S. Lee is a businessman who owns controlling interests both in James S. Lee & Co. (Guam) Ltd. ("Leeco") and in Coca-Cola Bottling Company of Guam ("Coca-Cola"). Citibank, a bank doing business in Guam, lent money to Lee, Leeco, and Coca-Cola. Oxford Properties and Finance Limited ("Oxford") was also a creditor of Lee's.

This controversy began on April 14, 1976, when Lee filed a complaint against Citibank. Lee sought rescission of what are known as the "Tokyo agreements." Citibank relied on these agreements to hold Lee as a personal guarantor of both Leeco and Coca-Cola. In addition to asking for rescission, Lee claimed that Citibank had improperly applied his funds to Coca-Cola's debt rather than to Leeco's on several occasions, since the document which Citibank relied upon to authorize the application, properly interpreted, had no such effect. Citibank disputed these claims and also counterclaimed for acceleration of the entire amount of the debt, which was then past due. Citing the Tokyo agreements, Citibank also sought foreclosure of real property belonging to Lee. The superior court of Guam found for Citibank on all claims and counterclaims. Final judgment was entered on April 11, 1978. On August 10, 1978, Citibank commenced a foreclosure action against Oxford and others holding junior liens on Lee's real property. Summary judgment on this claim was rendered for Citibank against Oxford on January 26, 1979.

The case between Lee and Citibank, and Citibank's foreclosure action against Oxford, were appealed to a three-judge panel of the district court, sitting as the appellate division of the Territory of Guam. The district court disagreed with virtually all the superior court had done and reversed both cases in separate judgments filed August 18, 1980.

The district court held that the superior court had erred in dismissing the rescission claim for Lee's alleged failure to offer to return Citibank to the same position it enjoyed prior to the Tokyo agreements. This ruling is not challenged on appeal, so the rescission claim must now go to trial on the merits, as is conceded by all parties.

The district court then proceeded to the merits of Lee's claim that Citibank had misapplied its funds. The court interpreted the document alleged to have authorized the challenged application of funds, defendant's exhibit "J" (as amended by handwriting of Lee's), differently from the superior court. It found the superior court's decision that Citibank had properly applied the challenged funds to be clearly erroneous.

The district court then ruled that the foreclosures as against both Lee and Oxford were "void", relying on Citibank's failure to

join Oxford as a third party defendant in its foreclosure counterclaim, as required by Guam Code of Civil Procedure § 726(a),[1] and Citibank's lack of excuse for the non-joinder.

We vacate both judgments of the district court. The decision of the district court on the question of the application of Lee's funds by Citibank was premature, for that aspect of the case turns on facts that will be determined in the rescission action. Citibank did not appeal the district court's decision that the trial court was wrong to dismiss the rescission claim. Under the terms of the decision, the trial court must make full findings of fact respecting the claim that Lee is entitled to rescission of the Tokyo agreements. Since the question of rescission of the Tokyo agreements must be retried, we are unwilling to hear an appeal on the related issue of the application of funds by Citibank. The matter was originally tried in the same proceeding with the rescission claim. Much of the evidence relevant to Lee's understanding of the documents sought to be rescinded will be pertinent to his understanding of the contract which Citibank contends gave·it authority to apply Lee's funds in the way that it did. In view of our uncertainty as to the full development of the relevant facts, and the strong policy against piecemeal appeals, *Morrison-Knudsen Co. v. Archer,* 655 F.2d 962 (9th Cir. 1981), we vacate the judgment on the misapplication point and remand it for determination by the superior court after full factual resolution of both the misap-

plication claim and the rescission action.[2] We do not intimate any view on the propriety of either the superior court's or the district court's decision on the misapplication issue in the present state of the record. We do note that the appellate division is not permitted to try factual matters *de novo,* but must give appropriate deference to the trial court's findings. *Cf. Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* —— U.S. ——, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).

The district court also erred in reaching the merits of the foreclosure validity issue. The Tokyo agreements, which Lee seeks to rescind, provided the basis for Citibank's foreclosure counterclaim. Citibank alleges earlier guarantees in its pleading, but we do not think they can support the foreclosure action. Certainly Citibank did not so contend below.

Since the foreclosure was directly based on the instrument sought to be rescinded, no legal issue as to the validity of a foreclosure in which all lienholders do not participate would arise if grounds for rescission are found. Moreover, Citibank might attempt to join Oxford as a third-party defendant to its foreclosure claim on remand. If successful, this would moot the issue.

We therefore vacate the district court's holding on the effect of failure to join the junior lienholder in a foreclosure action under Guam Code of Civil Procedure § 726(a). By the same logic, we vacate the district court's judgment for Oxford. We see no

---

1. Guam Code of Civil Procedure § 726(a) provides in relevant part:

   In all actions for the foreclosure of a mortgage, the complaint shall set forth ... the names and residences of all persons having or claiming an interest in the property subordinate in right to that of a holder of a mortgage, all of whom shall be made defendants in the action. No person holding a conveyance from or under the mortgagor or property mortgaged, or having a lien thereon which conveyance or lien does not appear of record in the Department of Land Management at the time of commencement of the action, need be made a party to such action,

and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been a party to the action.

2. Questions which the superior court might wish to address in its findings on the rescission claim, to facilitate appellate review, are such matters as the legal effect of documents on their face, Lee's understanding of documents which he signed, the existence and cause of any mistake of fact, or misunderstanding concerning their legal effect, and the relevance of such misunderstanding.

unfairness in the circumstances here in delaying resolution of the Oxford-Citibank litigation until the question of the rescission of the Citibank-Lee Tokyo agreements is settled. The rights of Oxford, the junior lienholder, cannot be clarified before Citibank's rights.

While we vacate its judgment on the foreclosure issue without reaching the merits, we note certain reservations concerning the interpretation of section 726(a) adopted by the district court. The district court seemed to require the reopening of a foreclosure previously litigated between the debtor and the senior lienholder, not only for the benefit of the absent junior lienholder, but also for the benefit of the debtor. It would create serious uncertainties in real property law if a judgment of foreclosure, whenever obtained, were either void or voidable in every such case of imperfect joinder. Rights which have long been deemed vested might be uprooted by such a rule.

■ If the issue arises again, the district court's interpretation should be measured against settled principles of finality and res judicata. It is a rare case in which relitigation of an issue between the same parties will be justified. *See, e.g.,* Restatement (Second) of Judgments § 45 (T.D. No. 1, 1973); §§ 117–22 (T.D. No. 6, 1979). It is difficult to see the result reached by the court below as more than an undeserved windfall for the debtor.

■ The district court may also have overestimated the prejudice resulting to the absent junior lienholder. "In general, a junior mortgagee may pursue the same remedies after a foreclosure and sale to which he was not a party as he could have before. . . . That a junior mortgagee who is not made a party to a foreclosure action is not affected by it is thoroughly established." G. Osborne, *Handbook on the Law of Mortgages* 677 (2d ed. 1970). *Accord:* 1 Glenn, *Mortgages* §§ 67.3, 86, 86.4 (1943). *See Fox v. California Title Insurance Co.,* 120 Cal.App. 264, 7 P.2d 722 (1932); *cf. United States v. Parcels of Land,* 339 F.2d 414 (3d Cir. 1964). The universal American rule, as described by commentators, is contrary to that adopted by the district court. "Since foreclosure is without effect as to necessary parties to the foreclosure whom the mortgagee failed to name as such . . . the [senior mortgagee] may . . . on discovering his mistake bring a new foreclosure suit against such parties." R. Kratovil & R. Werner, *Modern Mortgage Law and Practice* § 41.09(c) at 615 (2d ed. 1981). *Accord:* 1 G. Glenn, *Mortgages, Deeds of Trust, and other Security Devices as to Land* §§ 67.3, 86, 86.4 (1943). While there are some practical reasons why prior lienholders should be joined where possible in the first action,[3] we are unable to discover, and are not provided by counsel, any reason why this factor should attain the decisive significance given to it by the district court.[4] We are told nothing which indi-

---

**3.** As the district court stated,

there are important policy reasons which would support the joinder of all junior lienholders whenever practicable. First, such joinder would prevent fragmented foreclosures and promote judicial economy. Second, the requirement of adequate notice to all interested parties might conceivably increase the bid price at foreclosure and it would serve to protect any junior lienholder's interest in a possible surplus. Also, joinder permits the junior mortgage [sic] to raise any questions as to the priority of the security instruments, or the amount of actual debt being foreclosed upon, or the extent of actual security.

*Lee v. Citibank,* Memorandum Opinion at 9.

**4.** We note that under the law of New York, cited to us by Oxford as containing the same rule of law as Guam, it is true that junior lienholders must be joined as necessary parties. N.Y. Real Prop. Acts Law § 1311 (McKinney 1979). Under N.Y. Civ. Prac. Law §§ 1001, 1003 (McKinney 1979), however, this objection is waived if the mortgagor does not raise it at the beginning of the litigation. *In re Elwyn's Estate,* 8 Misc.2d 704, 173 N.Y.S.2d 192, aff'd 168 N.Y.S.2d 942 (App.Div.1957).

In federal procedure, failure to join necessary parties is waived if objection is not made in defendant's first responsive pleading; it is only the absence of an indispensable party which may (possibly) be raised later. Fed. R. Civ. P. 12, esp. 12(h); *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110–11, 88

cates the legislature intended such a drastic effect when it enacted section 726(a). In this case, we note that Oxford did not contend it was prejudiced by its omission from the foreclosure claim.

We know that our review of legal decisions by the district court, sitting as the appellate division of the territory of Guam, is limited. *Schenck v. Government of Guam,* 609 F.2d 387, 390 (9th Cir. 1979). It is not, however, nonexistent. At least where, as here, remand is necessary in any event, we deem it appropriate to point to legal principles that deserve careful reconsideration should the case again come before the appellate division.

The judgments are VACATED.

S.Ct. 733, 738-39, 19 L.Ed.2d 936 (1968); *Sierra Club v. Hathaway,* 579 F.2d 1162, 1166–67 (9th Cir. 1978); *see generally* 3A Moore's Federal Practice Ch. 19, esp. § 19.19 at 19–345 to 19 -359. In many cases, lienholders will not be indispensable under the standards described in *Provident Tradesmens Bank, supra; Eldredge v. Carpenters 46 Northern California Committee,* 662 F.2d 534 (9th Cir. 1981); and *Kaplan v.*

*International Alliance of Theatrical and Stage Employees,* 525 F.2d 1354, 1360–61 (9th Cir. 1975).