NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN J. WALSH,
Secretary of Labor,

Plaintiff-Appellee,

v.

AHERN RENTALS, INC.,

Defendant-Appellant.

No. 21-16124

D.C. No. 2:21-cv-00441-APG-VCF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted January 10, 2022**
Pasadena, California

Before: WALLACE, BOGGS,*** and FRIEDLAND, Circuit Judges.

Ahern Rentals fired Stephen Balint, the manager of its Pahrump, Nevada

branch, two days after Balint voiced concerns about transportation safety

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Danny J. Boggs, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

procedures. The company claimed Balint had been terminated for frequent lateness and a bad attitude, but Balint suspected otherwise. He filed whistleblower complaints with the federal Occupational Safety and Health Administration (OSHA) and its state equivalent (NV OSHA), claiming Ahern had illegally retaliated against him in violation of Nevada Revised Statutes § 618.445 and the Surface Transportation Assistance Act of 1982, Pub. L. No. 97-424, § 405, 96 Stat. 2097, 2157 (1983) (codified at 49 U.S.C. § 31105) (hereinafter STAA). Because the alleged violation took place on public highways, it was the federal complaint that moved forward.

OSHA made a preliminary finding that Ahern had violated the STAA and (as required by the statute) ordered that Balint be reinstated.[1] *See* 49 U.S.C. § 31105(b)(3)(A)(ii). When Ahern refused to comply, the Secretary of Labor, who oversees OSHA, brought this action in the district court for a preliminary injunction. Noting that the question presented was "limited to . . . whether the procedures the Secretary followed in issuing the preliminary order satisfied due process," and that the merits of Balint's firing were reserved for a separate hearing before an administrative law judge (ALJ), the district court granted the motion on the

---

[1] The STAA requires that a preliminary reinstatement order be issued "[n]ot later than 60 days after receiving a complaint." 49 U.S.C. § 31105(b)(2)(A). In this case, OSHA took more than three years to issue the order.

2

pleadings and ordered Ahern to reinstate Balint.

On appeal, Ahern asserts that the preliminary injunction was improperly granted for three reasons. First, it argues that the district court's decision to decide the motion on the pleadings, rather than hold a hearing, deprived Ahern of due process. Second, it attacks the merits of the injunction, asserting that OSHA's reinstatement procedures did not, in fact, satisfy due process because of substantial delay. Third and finally, Ahern contends that Balint should have been joined as a party by the district court. We hold each of Ahern's arguments meritless and therefore affirm.

1.     We review the district court's decision on the motion for a preliminary injunction, as well as its decision not to hold an evidentiary hearing, for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 554–55 (9th Cir. 1986).

In this circuit, a district court need not hold an evidentiary hearing before issuing a preliminary injunction—pleadings alone can constitute "notice" for purposes of Federal Rule of Civil Procedure 65(a). *Nelson*, 799 F.2d at 554–55. Indeed, there is no presumption favoring pre-injunction hearings. *Ibid.* That is not to say that submission on the pleadings is always the most appropriate avenue: "Where sharply disputed . . . facts are simple and little time would be required for

an evidentiary hearing, proceeding on affidavits alone *might* be inappropriate." *Id.* at 555 (emphasis added).

Here, it was not an abuse of discretion for the district court to decline to hold a pre-injunction evidentiary hearing. As detailed above, the parties agreed that the motion's sole merits issue was a legal one: "whether the procedures the Secretary followed in issuing the preliminary order satisfied due process." No "sharply disputed facts" were before the court, being reserved instead for the later merits hearing before an ALJ that is entirely separate from this proceeding. The circumstances of this case did not *require* the district court to hold an evidentiary hearing, and we hold that there was no abuse of discretion in its failing to do so.

2.     On the merits of the district court's decision, "a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The latter three criteria are plainly satisfied here. Under the STAA, in the event that the Secretary "decides it is reasonable to believe" that an employer "discharge[d] an employee" merely "because the employee . . . has filed a complaint or begun a proceeding related to a violation of a commercial motor vehicle safety or security regulation, standard, or order," the Secretary *must* order the employee

4

preliminarily reinstated (and sue to enforce that order if not complied with). 49 U.S.C. § 31105(a)(1)(A)(i), (b)(2)–(3). As the district court properly held, the mandatory language of the STAA reflects a congressional judgment that, if defied, would cause irreparable harm to the Secretary's ability to protect whistleblowers.[2] The strong congressional policy reflected in the STAA also tips the balance of hardships and the public interest in favor of injunctive relief here.[3]

The dispute therefore hinges on the first preliminary-injunction factor, likelihood of success on the merits. That boils down to a single question here: Did OSHA give Ahern all the process it was due? It did.

Shortly after the STAA was enacted, the Supreme Court clarified what process is due to an employer before preliminary reinstatement. *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 263–64 (1987) (plurality opinion). The requirements of due process are satisfied if the employer receives "notice of the substance of the

---

[2] Ahern's assertions that *it* would suffer irreparable harm in the event that it was forced to reinstate Balint—while Balint would not—miss the point entirely. The irreparable-harm analysis focuses on the moving party, not the nonmoving party or some third party. *Winter*, 555 U.S. at 22 ("Our frequently reiterated standard requires *plaintiffs* seeking preliminary relief to demonstrate [ ] irreparable injury." (emphasis added)).

[3] Ahern argues that the Secretary has "waived" three of the preliminary-injunction factors by not discussing them in his response brief. But a party cannot prevail on meritless arguments simply because the other party ignores them. We do not evaluate Ahern's assertions in a vacuum, or take them at face value. Instead, we evaluate them in light of the law and our due deference to the district court.

relevant supporting evidence, an opportunity to submit a written response, and an opportunity to meet with the investigator and present statements from rebuttal witnesses"; no hearing is required. *Id.* at 264.[4]

3.      Ahern received all of this, but argues that it was deprived of due process because the Court in *Brock* recognized that "[a]t some point, delay . . . may become a constitutional violation," and in this case OSHA exceeded the statutory timeline by more than three years. *Id.* at 267. But the language in *Brock* referred to "delay in holding *post*reinstatement evidentiary hearings"—after all, delay in actually reinstating a supposedly undesirable employee hardly seems prejudicial to the employer. *Ibid.* (emphasis added). The Court's concern stemmed from the natural "incentive for delay" on the part of the *employee* "[o]nce the Secretary orders preliminary reinstatement." *Id.* at 268. Where, as here, the delay takes place between an employee's complaint and his reinstatement, it harms the employee, not the employer. Moreover, the district court ably articulated a detailed timeline of events that adequately explains the three-year delay, most of which was due either to the pending NV OSHA investigation (which in the end referred Balint to federal

---

[4] Four Justices joined in the plurality opinion. Three others concurred that notice and an opportunity to respond are necessary (and that a hearing is not), but dissented from the plurality's contention that due process required providing the employer with the evidence supporting the employee's claim, including names of witnesses. *Roadway Express*, 481 U.S. at 271–72 (White, J., concurring in part and dissenting in part).

OSHA) or Ahern's own failure to promptly respond to communications from the OSHA investigator. We see no reason to disturb those findings.

Therefore, Ahern was not deprived of due process, and the district court did not abuse its discretion when it issued a preliminary injunction on the pleadings in favor of the Secretary.

4.    Ahern's argument that Balint should have been joined as a party below also fails. When a person must be joined to provide complete relief, or to vindicate that person's interests, that person is a "required" party. Fed. R. Civ. P. 19(a). However, if a required party *cannot* be joined, the party is "indispensable," and "the court must determine whether, in equity and good conscience, the action should proceed" or else "be dismissed." Fed. R. Civ. P. 19(b).

Construed generously, Ahern argues that Balint is a required party who should have been joined earlier in the proceedings. But that is not how required joinder works. To start with, Ahern first raised this argument in its motion for reconsideration, after the district court issued its injunction. But "failure to join [required][5] parties is waived if objection is not made in defendant's first responsive pleading; it is only the absence of an indispensable party which may (possibly) be

---

[5] In 2007, "the word 'required' replaced the word 'necessary'" in Rule 19, though "the substance and operation of the Rule both pre- and post-2007 are unchanged." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 855–56 (2008).

7

raised later." *Citibank, N.A. v. Oxford Props. & Fin. Ltd.*, 688 F.2d 1259, 1262 n.4 (9th Cir. 1982). And this makes sense: The argument that a party is required for the case to proceed should be raised as soon as possible. Thus, the only argument Ahern could have raised in its reconsideration motion is that Balint is an *indispensable* party—but indispensable parties are those that cannot be joined, while Balint certainly could be.

There is no procedural basis for entertaining a required-party claim; there is no legal basis for entertaining an indispensable-party claim. Ahern's joinder argument therefore fails.

**AFFIRMED.**