**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT
_____

No. 24-1723
_____

M&T BANK,
other Hudson City Savings Bank

v.

CHRYSSOULA ARSENIS;
UNITED STATES OF AMERICA;
STATE OF NEW JERSEY; JP MORGAN CHASE BANK NA

Chryssoula Arsenis,
                            Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-04561)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 8, 2025

Before:  BIBAS, PORTER, and MONTGOMERY REEVES, Circuit Judges

(Opinion filed May 15, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Chryssoula Arsenis appeals from an order of the District Court remanding a matter back to state court. Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Arsenis filed a Notice of Removal in the District Court, citing 28 U.S.C. §§ 3730, 1332 and 1442. This was her third attempt to remove the same foreclosure action filed against her, and others, in New Jersey Superior Court by M&T Bank. **See ECF No. 1.** In a text order entered on April 17, 2024, the District Court remanded the matter to state court "for the same reasons" it had previously remanded the matter – it lacked subject matter jurisdiction because "there is no federal cause of action plead in the complaint underlying this matter." ECF No. 8. Arsenis appealed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1442.[1] We exercise plenary review over the District Court's decision to remand. Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000).

---

[1] Generally, an order remanding a matter back to state court "is not reviewable on appeal or otherwise"; but that jurisdictional bar does not apply to cases removed pursuant to 28 U.S.C. §§ 1442 or 1443. 28 U.S.C. § 1447(d). In her Notice of Removal, Arsenis cited § 1442, among other statutes, which was sufficient to invoke that removal statute. See BP P.L.C. v. Mayor & City Council of Baltimore, 141 S. Ct. 1532, 1538 (2021) (noting that "just [ ] by citing" § 1442, a defendant has sufficiently invoked the removal statute). We therefore have jurisdiction to review the entirety of the remand order. See id. (holding that, where removal is predicated in part on § 1443 (or 28 U.S.C. § 1442) an appellate court has jurisdiction to review all theories for removal addressed by the District Court).

The District Court properly looked to the face of the complaint and determined that there was no basis for federal question jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (noting that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Arsenis argues that she raised affirmative defenses grounded in federal law which conferred federal question jurisdiction under 28 U.S.C. §§ 1442 and 1443. She is mistaken. First, Arsenis neither asserted rights guaranteed by a federal law "providing for . . . equal civil rights" nor identified any state law that would preclude her from vindicating such rights, as required to invoke § 1443(1) as a ground for removal. Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997); see also Georgia v. Rachel, 384 U.S. 780, 792 (1966) (construing "equal civil rights" in § 1443 to mean federal laws that specifically guarantee racial equality).

Second, § 1442 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them, in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966). Arsenis, a private person, does not claim to be authorized to act with or for federal officers or agents; she merely asserts that she is "operating under the guidance of Federal Banking regulation and the Office of the Comptroller of the Currency." ECF No. 1 at 5. Furthermore, a case may not be removed to federal court where a federal claim would arise only as a defense to a state-created action. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983); Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353 (3d Cir. 1995) ("A federal defense to a

3

plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal court."). The underlying foreclosure complaint was premised solely on state law. **See ECF No. 1-1.**

Arsenis also maintains that the District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides federal courts with original jurisdiction over suits, involving more than $25,000, between "citizens of different States." See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (noting that the party removing the matter has the burden to establish federal jurisdiction). She asserted that plaintiff M&T is a citizen of New York, she is a citizen of New Jersey, J.P. Morgan has its principal place of business in Ohio and is incorporated in Delaware, and "the United States Government and State of New Jersey are not included" for diversity purposes. ECF No. 6 at 3. But the United States and New Jersey appear to be real parties of interest in this litigation. See Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n, 598 F.2d 1303, 1306 (3d Cir. 1979) (noting that the "initial inquiry" for diversity purposes is determining whether a state is a real party of interest).[2] As such, either party would

---

[2] In her complaint, Arsenis claimed generally that "[t]he United States Government and State of New Jersey are not included [f]or [d]iversity [j]urisdiction purposes. Nevertheless, these [d]efendants are not outstanding and [t]hey are not considered [d]efendants." ECF No. 1 at 3. However, along with J.P. Morgan Bank, the United States and New Jersey are named as defendants in the complaint because they are "potential lien holders," as each has a money judgment or lien against Arsenis. D.N.J. Civ. No. 3:23-cv-01609, ECF No. 1-1 at 13, 23-24. This is consistent with New Jersey law, which requires that lienholders be named as defendants in foreclosure actions because their rights will be extinguished by foreclosure. See Highland Lakes Country Club & Cmty. Ass'n v. Franzino, 892 A.2d 646, 650 n.2 (N.J. 2006); Barry, Inc. v. Baf,

4

destroy diversity because neither is a "citizen" of a state under § 1332.[3] See Ramada Inns, 598 F.2d at 1306 (asserting that a "district court would be without power to entertain [an] action under the diversity statute" if "the state of New Jersey [was] a real party in interest"); Bautista Cayman Asset Co. v. Asociacion de Miembros de la Policia de Puerto Rico, 17 F.4th 167, 171 (1st Cir. 2021) (noting that "the United States is not a citizen of a state for diversity purposes" (quotation marks omitted)).

Based on the foregoing, we will affirm the District Court's judgment.

---

Ltd., 65 A2d 761, 766 (N.J. Super. Ct. Chancery Div. 1949); New Brunswick Sav. Bank v. Markouski, 587 A.2d 1265, 1276 (N.J. 1991); N.J. Ct. R. 4:64-1; see also Fargil Realty, LLC v. Broadway Auto Parts, No. A-4809-17T2, 2019 WL 2060953, at *1 n.2 (N.J. Super. Ct. App. Div. May 9, 2019); see generally Citibank, N.A. v. Oxford Properties & Finance Ltd., 688 F.2d 1259, 1262 n.3 (9th Cir. 1982) (noting the policy reasons supporting "the joinder of all junior lienholders" in foreclosure actions); cf. Ramada Inns, 598 F.2d at 1307-08 (determining that New Jersey, although considered an indispensable party by statute, was not a real party of interest to a contract dispute where it was not a party to the contract, its pecuniary interest was speculative, and, it would "not be affected in any substantial way" by the outcome). Thus, without more, Arsenis failed to meet her burden to plead complete diversity. See generally Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 106-08 (3d Cir. 2015).

[3] On appeal, Arsenis argues that New Jersey was no longer a party at the time of removal because the "Warrant of Satisfaction of Judgment ha[d] been forwarded to the New Jersey Superior Court Clerk's Office." See Appellant's Summary Action Resp. at 3. But she failed to make this argument to the District Court, and, regardless, the presence of the United States would destroy diversity.