Filed 12/2/22  P. v. Shamasha CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079363 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD286119) |
| WAIEL RAFO SHAMASHA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Waiel Rafo Shamasha appeals a sentence of 21 years and six months plus 50 years to life imposed after a jury found him guilty of committing a dozen crimes, including several violent sexual offenses, against four different women. He asserts five different sentencing errors.

First, Shamasha claims the trial court erroneously relied on subdivision (c) of Penal Code[1] section 667.6 when it sentenced him to a full-term, consecutive sentence for his conviction on count 4 of assault with intent to commit rape. He agrees with the decision to impose a full-term consecutive sentence for this offense, but he claims the court should have relied on subdivision (d) of section 667.6 rather than subdivision (c). We reject this claim, because it is clear from the record that the court did rely on subdivision (d) of section 667.6 when sentencing Shamasha for this conviction.

Second, he claims the court erred by sentencing him to full-term, consecutive sentences pursuant to subdivision (c) of section 667.6 for his convictions on counts 11 and 12, even though section 667.6 only governs sentencing of enumerated sexually violent offenses, and his convictions on counts 11 and 12 were not for enumerated offenses. We agree with him on this point and vacate the sentences on these counts. Because correction of the sentencing error will necessitate selection of new principal and subordinate counts pursuant to section 1170.1, we remand for a full resentencing.

Shamasha's third, fourth, and fifth claims of sentencing error pertain to recent ameliorative changes to section 1170, former subdivision (b), and

---

[1]     Further unspecified statutory references are to the Penal Code.

former section 654 that were effected by Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567), Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5.3) (Assembly Bill 124), and Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1) (Assembly Bill 518). Here, we find it unnecessary to address the merits of these claims because we presume the trial court, when it fully resentences Shamasha, will make all sentencing decisions in accordance with current sentencing law, including Senate Bill 567, Assembly Bill 124, and Assembly Bill 518.

## FACTUAL AND PROCEDURAL BACKGROUND

Shamasha committed predatory crimes against four different women. We describe his offense conduct, the charges against him, and the resulting convictions, before we explain the trial court's sentencing decisions.

### I.

### *Shamasha's Offense Conduct and the Resulting Charges with Respect to Each Victim*

A. *Jane Doe 1 (counts 1 through 3)*

Early one morning in August 2018, Jane Doe 1 was walking from a trolley stop in El Cajon when Shamasha offered to give her a ride to a place where she was supposed to meet a friend. When he started driving in the wrong direction, she repeatedly asked him to let her out of the car, but he refused. After she kept insisting, he stopped the car in a dark, desolate area, where he forced Jane Doe 1 to orally copulate him and then forcibly raped her.

Shamasha was charged in an amended information with forcible rape (§ 261, subd. (a)(2); count 1), forcible oral copulation (§ 287, subd. (c)(2)(A)), and kidnapping with intent to commit rape (§ 209, subd. (b)(1); count 3) of Jane Doe 1. He was further alleged to have committed counts 1 and 2 in the

3

course of an aggravated kidnapping (§ 667.61, subds. (a), (c), & (d)) and a kidnapping (§ 667.61, subds. (b), (c), & (e)).

B.    *Jane Doe 2 (counts 4 through 9)*

Early one morning in July 2018, Jane Doe 2 was walking to a trolley stop in El Cajon when she accepted a ride from Shamasha. While he was driving, he tried to grab and kiss her hands, which made her uncomfortable and prompted her to ask him to pull over and let her out of the car. He stopped the car, but she could not get out because the door would not open. He began to force himself on her. When she resisted, he bit her lips, tried to take off her clothes, and punched her in the face. When she tried to open the door, he bit her hand. When she screamed, he told her he had a gun and a knife, and he would kill her. He grabbed her breast and forced his hand down her throat to stifle her screams. She bit him and he removed his hand. She felt his hands touch the skin of her buttocks. When she cried out, "Oh, Jehovah, please help me," he opened the car door, pushed her out of the car, and drove away.

Shamasha was charged with committing the following offenses against Jane Doe 2:  assault with intent to commit rape (§ 220, subd. (a)(1); count 4), three counts of assault by means of force likely to produce great bodily injury (force likely assault) (§ 245, subd. (a)(4); counts 5, 6, and 7), false imprisonment by violence, menace, fraud, or deceit (§§ 236, 237, subd. (a); count 8), and making a criminal threat (§ 422; count 9).

C.    *Jane Doe 3 (count 10)*

Early one morning in January 2020, Jane Doe 3 was walking to a convenience store where her mother worked when Shamasha offered her a ride. After he kept offering her a ride, and she repeatedly refused, he stopped his car, got out, grabbed Jane Doe 3, and picked her up off the ground. She

pushed against him as he was picking her up and fell on the ground. She screamed, and he ran away.

In count 10, Shamasha was charged with assault of Jane Doe 3 with intent to commit rape (§ 220, subd. (a)(1)).

D.    *Jane Doe 4 (counts 11 through 12)*

The same morning that he assaulted Jane Doe 2, Shamasha also assaulted another woman. Jane Doe 4 was standing on a street in El Cajon, using her phone to try and order an Uber ride, when Shamasha drove up and offered her a ride to a trolley stop. She accepted. While they were driving, he grabbed her breast and offered to pay her for oral sex. She told him to let her out of the car, but he ignored her and kept driving. When she pulled out a taser and activated it, he stopped the car. After she got out and started walking, he chased after her with a crowbar and beat her several times in the back of the head. She sustained a two-inch laceration that required nine skin staples.

Shamasha was charged with kidnapping Jane Doe 4 with intent to commit rape (§ 209, subd. (b)(1); count 11). He was further charged with assault with a deadly weapon (§ 245, subd. (a)(1); count 12), with enhancement allegations that he personally used a dangerous and deadly weapon ("to wit: a metal rod") (§ 1192.7, subd. (c)(23)) and personally inflicted great bodily injury upon Jane Doe 4 (§ 12022.7, subd. (a)).

II.

*Convictions and Sentence*

A jury found Shamasha guilty of forcible rape and forcible oral copulation as charged in counts 1 and 2, and found true the special allegations of kidnapping and aggravated kidnapping associated with both counts. On count 3, the jury found Shamasha guilty of the lesser included

5

offense of simple kidnapping (§ 207, subd. (a)).  The jury found Shamasha guilty of assault with intent to commit rape (count 4), force likely assault (counts 5, 6, and 7), false imprisonment by violence, menace, fraud, or deceit (count 8), and making a criminal threat (count 9).  On count 10, it found him guilty of the lesser included offense of simple assault (§ 240), and on count 11, it found him guilty of the lesser included offense of simple kidnapping (§ 207, subd. (a)).  Finally, the jury found Shamasha guilty of assault with a deadly weapon as charged in count 12, and found true the associated deadly weapon and great bodily injury enhancement allegations.

The trial court sentenced Shamasha to a total prison term of 21 years and six months plus 50 years to life.  The court calculated this sentence as follows:

*Victim Jane Doe 1—Counts 1 through 3*:

| | |
|---|---|
| *Count 1* (forcible rape with aggravated kidnapping special allegation) | 25 years to life (§§ 261, subd. (a)(2) with 667.61, subds. (a), (c), & (d)) |
| *Count 1* (kidnapping special allegation) | 15 years to life (§ 667.61, subds. (b), (c), & (e)), *stayed* pursuant to section 654 |
| *Count 2* (forcible oral copulation with aggravated kidnapping special allegation) | 25 years to life (§§ 287, subd. (c)(2)(A) with 667.61, subds. (a), (c), & (d)) (consecutive) |
| *Count 2* (kidnapping special allegation) | 15 years to life (§ 667.61, subds. (b), (c), & (e)), *stayed* pursuant to section 654 |
| *Count 3* (simple kidnapping) | 5 years (middle term), *stayed* pursuant to section 654 |

*Victim Jane Doe 2—Counts 4 through 9*:

| | |
|---|---|
| *Count 4* (assault with intent to commit rape) | 6 years (upper term, full term, consecutive) |
| *Count 5* (force likely assault) | 3 years (middle term) *stayed* pursuant to section 654 |

6

| | |
|---|---|
| *Count 6* (force likely assault) | 3 years (middle term) *stayed* pursuant to section 654 |
| *Count 7* (force likely assault) | 3 years (middle term) *stayed* pursuant to section 654 |
| *Count 8* (false imprisonment) | 8 months (one-third the middle term of 2 years) *stayed* pursuant to section 654 |
| *Count 9* (making a criminal threat) | 2 years (middle term) *stayed* pursuant to section 654 |

*Victim Jane Doe 3—Count 10*:

| | |
|---|---|
| *Count 10* (simple assault) | 6 months (consecutive) |

*Victim Jane Doe 4—Counts 11 and 12*:

| | |
|---|---|
| *Count 11* (simple kidnapping) | 8 years (upper term, full term, consecutive) |
| *Count 12* (assault with a deadly weapon, with weapon and great bodily injury enhancements) | 4 years (upper term, full term, consecutive), plus 3 years for great bodily injury enhancement |

The court relied on section 667.6, subdivision (d), when imposing a full-term, consecutive sentence on count 4. Its decision to impose full-term, consecutive sentences on counts 11 and 12 was based on section 667.6, subdivision (c).[2] The court explained that it selected upper term sentences

---

[2] According to the transcript of the sentencing hearing, the trial court stated its decision to impose full, consecutive terms on counts 11 and 12 was based on "Penal Code Section 667 -- 667[, subdivision] (c)." The parties agree, as do we, that the court's apparent reference to section 667 rather than section 667.6 was either a misstatement by the court, or a transcription error, and that its sentencing decision was based on section 667.6, not section 667.

7

on counts 4, 11, and 12, because there were several circumstances in aggravation that outweighed any circumstances in mitigation.[3]

DISCUSSION

I.

*The Trial Court Erred in Imposing Full Term, Consecutive Sentences on Counts 11 and 12 Pursuant to Section 667.6*

Shamasha contends the trial court erred by sentencing him to full-term, consecutive sentences on counts 4, 11, and 12, pursuant to section 667.6, subdivision (c). We agree in part.

A.  *Additional Background*

Prior to the sentencing hearing, the prosecution filed a sentencing memorandum in which it asked the trial court to impose a full-term consecutive sentence for each of counts 4, 11, and 12, pursuant to section 667.6, subdivision (c). Section 667.6, subdivision (c), provides:

> "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion. A term may be imposed consecutively pursuant to this subdivision if a person is convicted

---

[3]  The circumstances in aggravation were those listed in California Rules of Court, rule 4.421(a)(1) (the crime involved great violence, great bodily harm, or threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness), (a)(3) (the victims were particularly vulnerable), (a)(8) (the crimes were carried out with planning, sophistication, or professionalism), and (a)(11) (defendant took advantage of a position of trust or confidence), and (b)(1) (defendant engaged in violent conduct that indicates a serious danger to society). There was one circumstance in mitigation—Shamasha's insignificant prior criminal record. (Cal. Rules of Court, rule 4.423(b)(1).)

8

of at least one offense specified in subdivision (e).[4]  If the term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time the person otherwise would have been released from imprisonment.  The term shall not be included in any determination pursuant to Section 1170.1.  Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person otherwise would have been released from prison."

The prosecution argued that because Shamasha was convicted of forcible rape (count 1) and forcible oral copulation (count 2), both of which are enumerated in section 667.6, subdivision (e), that the court had authority under section 667.6, subdivision (c), to impose full-strength, consecutive punishments for *any* remaining convictions not subject to section 654, not only for Shamasha's conviction on count 4 of assault with intent to rape, but also for his convictions of the *non-sexual* offenses of simple assault (count 11) and assault with a deadly weapon (count 12).

At the sentencing hearing, the trial court followed most, but not all, of these recommendations.  It imposed a full, consecutive term on count 4, but it did so pursuant to subdivision (d) of section 667.6, not subdivision (c).  However, on each of counts 11 and 12, the court followed the prosecution's recommendations and sentenced Shamasha to a full, consecutive term pursuant to subdivision (c) of section 667.6.

---

4    Subdivision (e) of section 667.6 lists a number of violent sexual offenses, including forcible rape, forcible oral copulation, and assault with intent to commit rape.  (§ 667.6, subds. (e)(1) [forcible rape], (e)(7) [forcible oral copulation], (e)(9) [assault with intent to commit a specified sexual offense].)

B.      *Contrary to the Parties' Contentions, the Trial Court Appropriately Relied on Subdivision (d) of Section 667.6 When It Sentenced Shamasha on Count 4*

Shamasha agrees with the trial court's decision to sentence him to a full, consecutive term on count 4. But he contends the court erroneously based its decision on subdivision (c) of section 667.6, when it should have relied on subdivision (d). The People agree. Shamasha asks us to remand and direct the court to resentence him to a full, consecutive sentence on count 4 pursuant to subdivision (d) of section 667.6. However, as we have already observed, the court *did* rely on subdivision (d) when sentencing Shamasha on this count. The parties' claims to the contrary are not borne out by the record. As a result, there is no need to correct this aspect of Shamasha's sentence.

In general, when a defendant has been convicted of multiple offenses, sentencing is controlled by section 1170.1. Under section 1170.1, subdivision (a), a full term is imposed on the conviction that carries the longest sentence and consecutive terms of one-third the midterm may be imposed on the remaining convictions. But when a defendant has committed a sexually violent offense enumerated in section 667.6, subdivision (e), he is subject to a harsher sentencing scheme. (See *People v. Belmontes* (1983) 34 Cal.3d 335, 344–345 (*Belmontes*) ["Section 667.6, subdivision (c) is obviously a much harsher sentencing measure than section 1170.1."].) Section 667.6, subdivision (c), gives the court discretion to impose, "[i]n lieu of the term provided in Section 1170.1, a full, separate, and consecutive term . . . for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion."

Unlike subdivision (c), consecutive sentencing under subdivision (d) of section 667.6 is mandatory. (See *People v. Jackson* (1998) 66 Cal.App.4th

10

182, 191; Cal. Rules of Court, rule 4.426(a)(1).)  Subdivision (d) applies "where two or more violent sex crimes are committed against more than one victim or where they are committed against the same victim on more than one occasion." (*People v. Pelayo* (1999) 69 Cal.App.4th 115, 124 (*Pelayo*).) "Subdivision (d) removes the trial court's discretion to impose a more lenient sentence under section 1170.1 where two or more violent sex crimes are committed against more than one victim or where they are committed against the same victim on more than one occasion." (*Ibid.*)

The parties agree, as do we, that Shamasha's convictions on counts 1 (forcible rape), 2 (forcible oral copulation), and 4 (assault with intent to rape), were qualifying offenses listed in subdivision (e) of section 667.6. (See § 667.6, subds. (e)(1) [forcible rape], (e)(7) [forcible oral copulation], (e)(9) [assault with intent to commit a specified sexual offense].)  They further agree that because counts 1 and 2 were committed against Jane Doe 1, and count 4 was committed against Jane Doe 2, sentencing on count 4 is governed by subdivision (d) of section 667.6.  (See § 667.6, subd. (d)(1) [full, consecutive term must be imposed "if the crimes involve separate victims"].)  We agree with them on this point as well.

We part ways with the parties, however, to the extent they claim the trial court relied on subdivision (c) rather than subdivision (d) of section 667.6 when it sentenced Shamasha to a full, consecutive term on count 4. Although the prosecution relied on subdivision (c), the court expressly relied on subdivision (d) when pronouncing sentence on count 4.  In fact, it did so twice.  It started off its sentencing on this count by stating:  "For Count 4, the upper term of six years is imposed. *And it is consecutive pursuant to Penal Code Section 667.6(d).*"  (Italics added.)  Then, after identifying circumstances in aggravation that it believed supported choosing the upper term on this and

11

other counts, the court reiterated: "Count 4, Penal Code Section 220(a)(1), the upper term is chosen because I believe the circumstances in aggravation outweigh the circumstances in mitigation. *And that's, as I've indicated, I think consecutive pursuant to Penal Code Section 667.6(d)."* (Italics added.) At no point during the sentencing hearing did the court state its sentence on count 4 was based on subdivision (c) of section 667.6.[5] Nor do the abstract of judgment or felony sentencing minutes cite subdivision (c) as authority for the sentence imposed on count 4. Simply put, we find no record support for the parties' position that the court's sentencing decision on count 4 was based on subdivision (c) of section 667.6 rather than subdivision (d).

It is not clear why the parties believe the trial court relied on subdivision (c) when sentencing Shamasha on count 4, but it appears they may have assumed that since the prosecution relied on subdivision (c), the

---

[5]     Near the end of the hearing, after the trial court finished pronouncing sentence, defense counsel stated: "And, Your Honor, if I could seek one more clarification from the [c]ourt. In regards to Counts 4, 10, 11, and 12, as the [c]ourt correctly stated, the [c]ourt is running those full strength consec[utive] under . . . Penal Code Section 667.6 sub(c), and that the [c]ourt has discretion to run those one-third the midterm under 1170.1, but the [c]ourt, although these are not different victims -- or sorry, sorry. No, I take that back. I scratch all that. Thank you." The court responded: "Right. And I'm running consecutive -- this is consecutive." Although the parties do not purport to rely on this exchange, we observe that even if they did, it would not support their position. First, defense counsel's summary of the court's sentencing decisions was inaccurate. The court's sentences on counts 4 and 10 (simple assault, a misdemeanor) were not based on subdivision (c) of section 667.6. Second, although the court agreed the sentences on counts 4, 10, 11, and 12 were run consecutively, it did not agree with defense counsel's assertion that they were all based on subdivision (c). Accordingly, this exchange provides no support for the parties' claim that the court relied on subdivision (c) rather than subdivision (d) when sentencing Shamasha on count 4.

12

court did so as well. However, an examination of the transcript of the sentencing hearing reveals that it did not. Since it is apparent from the record that the court correctly relied on subdivision (d) of section 667.6 when it sentenced Shamasha on count 4, there is no need to correct this aspect of Shamasha's sentence.

C.     *The Trial Court Erred By Sentencing Shamasha to Full, Consecutive Terms on Counts 11 and 12 Pursuant to Subdivision (c) of Section 667.6*

Next, Shamasha and the People contend the trial court erred by sentencing Shamasha to full, consecutive terms on counts 11 (simple kidnapping) and 12 (assault with a deadly weapon) pursuant to subdivision (c) of section 667.6. On this point, we agree with them.

Simple kidnapping and assault with a deadly weapon are not sexual offenses, much less sexually violent offenses enumerated in subdivision (e) of section 667.6. (See § 667.6, subd. (e).) Sentencing of these offenses is therefore not governed by section 667.6. "The entire content of [section 667.6] points towards its being a separate and alternative sentencing scheme *for offenses that fall within its ambit*." (*Belmontes, supra,* 34 Cal.3d at pp. 345–346, italics added.) "While it is clear that the trial court has discretion to treat any or all sex offenses under the provisions of section 667.6, subdivision (c), . . . *any nonsex offenses must be sentenced under the provisions of section 1170.1 as if the offenses treated under section 667.6 did not exist*." (*People v. Price* (1984) 151 Cal.App.3d 803, 817 (*Price*), italics added.) "*After* the two completely independent sentencing totals are computed [under sections 1170.1 and 667.6], they are added together to reach the total term of imprisonment." (*Ibid*.)

The trial court therefore erred in sentencing Shamasha to full, consecutive terms on counts 11 and 12 pursuant to section 667.6, subdivision (c). Instead, the court should have sentenced Shamasha on counts 11 and 12

13

in accordance with section 1170.1.  (*Price*, *supra*, 151 Cal.App.3d at p. 817; *Pelayo*, *supra*, 69 Cal.App.4th at p. 125.)  Because the court relied on the wrong sentencing provision when sentencing Shamasha on these counts, the sentences on counts 11 and 12 are unauthorized.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887 [a sentence is unauthorized if it cannot " 'lawfully be imposed under any circumstance in the particular case' [citation], and therefore is reviewable 'regardless of whether an objection or argument was raised in the trial . . . court' "].)

Where, as here, a trial court erroneously imposes sentence under section 667.6 rather than 1170.1, the remedy is "to remand for a proper sentence."  (*Price*, *supra*, 151 Cal.App.3d at p. 816; *Pelayo*, *supra*, 69 Cal.App.4th at p. 125.)  On resentencing, the court must calculate appropriate terms for counts 11 and 12 under section 1170.1.  (See *Pelayo*, at p. 125.)  Because resentencing under section 1170.1 will require the court to select principal and subordinate terms for the first time, a full resentencing is required.  "The full resentencing rule . . . dictates that 'when part of a sentence is stricken on review, on remand for resentencing "a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances." ' "  (*People v. Jones* (2022) 79 Cal.App.5th 37, 45–46 (*Jones*), quoting *People v. Buycks* (2018) 5 Cal.5th 857, 893.)  Among the decisions that trigger a full resentencing is "the trial court's revisiting such decisions as the selection of a principal term[.]"  (*Jones*, at p. 46, citing *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 (*Valenzuela*).)  As we discuss, there have been changes in sentencing laws that will require the court to revisit other sentencing decisions when it resentences Shamasha, making a full resentencing all the

14

more necessary.  For these reasons, we will vacate Shamasha's sentences on counts 11 and 12 and remand for a full resentencing.

## II.

*Because We Are Remanding for a Full Resentencing, We Need Not Reach the Merits of Shamasha's Claims of Sentencing Error Based on Ameliorative Changes to Section 1170, Former Subdivision (b), and Former Section 654*

Shamasha asks us to vacate his sentences on additional counts on the ground they fail to comply with three recent ameliorative changes to section 1170, former subdivision (b), and former section 654.  Because we are already remanding for a full resentencing proceeding, at which the trial court will presumably follow all current sentencing laws, we do not need to address the merits of these additional claims of sentencing error.

The first two changes in sentencing law relied on by Shamasha involve section 1170, former subdivision (b).  At the time Shamasha was sentenced, section 1170, former subdivision (b) left it to the trial court's "sound discretion" to select the appropriate term within a sentencing triad.  (§ 1170, former subd. (b).)  The trial court imposed upper term sentences on counts 4, 11, and 12, based on its determination that there were circumstances in aggravation that justified increased punishment.

Shamasha contends we should reverse his sentences on these counts based on two sentencing laws that went into effect on January 1, 2022.  He first points to Senate Bill 567, which amended subdivision (b) of section 1170 by making the middle term the presumptive term unless aggravating circumstances justifying a higher term have been stipulated to by the defendant or found true beyond a reasonable doubt by the jury.  (§ 1170, subd. (b)(1)−(3).)  Second, he points to Assembly Bill 124, which amended section 1170, subdivision (b), by making the lower term presumptive in

15

certain circumstances, including where a defendant "has experienced psychological, physical, or childhood trauma" and that trauma "was a contributing factor in the commission of the offense" (§ 1170, subd. (b)(6)(A)), and where the defendant "is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense" (§ 1170, subd. (b)(6)(B)).[6] Shamasha claims Senate Bill 567 and Assembly Bill 124 are retroactive under the rule of *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*), and argues his upper-term sentences on counts 4, 11, and 12 violated each of these new provisions.

Shamasha also seeks the benefit of a recent change to former section 654 made by Assembly Bill 518. At the time he was sentenced, under former section 654 "the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379 (*Mani*); *Jones, supra,* 79 Cal.App.5th at p. 45.) Effective January 1, 2022, Assembly Bill 518 amended section 654 to provide, in relevant part, "An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision." (Stats. 2021, ch. 441, § 1, italics added.) "As amended by Assembly Bill 518, . . . section 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*Mani,* at p. 379.)

---

[6] "A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).) According to the probation report, Shamasha was 21 years old or younger at the time he committed the offenses charged in counts 4, 11, and 12.

16

Shamasha argues Assembly Bill 518 applies retroactively. He further argues that because the record does not clearly indicate that the trial court would have reached the same decision even if it had been aware of its newfound discretion, remand for resentencing of counts 1 through 9 is required so the court can revisit its decisions with regard to which terms to stay and which to execute.

The People appropriately do not dispute Shamasha's claim that Senate Bill 567, Assembly Bill 124, and Assembly Bill 518 are all ameliorative changes in sentencing law that apply retroactively to him under the *Estrada* rule. (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 464–465 [Senate Bill 567 applies retroactively to nonfinal judgments]; *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1095 [same, as to Assembly Bill 124]; *Mani, supra,* 74 Cal.App.5th at p. 379 [same, as to Assembly Bill 518].) They contend, however, that we do not need to reach the merits of Shamasha's claims that his sentence violates these provisions, because we are already remanding for a full resentencing. In his reply brief, Shamasha expresses concern that if we take this approach, the trial court may fail to abide by the new laws when it resentences him.

We agree with the People that because we are remanding for a full resentencing, we do not need to address the merits of Shamasha's claims of sentencing error under Senate Bill 567, Assembly Bill 124, and Assembly Bill 518. "[T]he full resentencing rule allows a [trial] court to revisit all prior sentencing decisions when resentencing a defendant." (*Valenzuela, supra,* 7 Cal.5th at pp. 424–425.) A court conducting a full resentencing on all counts can "exercise its sentencing discretion in light of the changed circumstances." (*People v. Navarro* (2007) 40 Cal.4th 668, 681.) This necessarily entails application of any new legislation delimiting the court's sentencing

17

discretion.  (See *Valenzuela*, at p. 425 ["[I]n a Proposition 47 resentencing, the trial court not only must revisit its prior sentencing decisions, it also must decide whether the factual basis for an enhancement has been abrogated by the redesignation of a felony conviction as a misdemeanor."]; *Jones*, *supra*, 79 Cal.App.5th at pp. 45–46 [concluding that "the need to apply amended sections 1170, subdivision (b), and 654 creates sufficiently ' "changed circumstances" ' [citation] to warrant a full resentencing"].)

When it conducts its full resentencing, the trial court will be required to apply Senate Bill 567, Assembly Bill 124, and Assembly Bill 518, which will necessitate reconsidering which triad terms to impose and which terms to stay or execute.  (See *Jones*, *supra*, 79 Cal.App.5th at p. 46.)  Although Shamasha expresses concern the court may not heed these changes in sentencing law when it resentences him, we presume the court will comply with all current sentencing laws, including the current versions of sections 1170, subdivision (b), and 654.  We therefore do not need to reach the merits of Shamasha's claims that his current sentence violates the  recent amendments to these provisions.

## DISPOSITION

Shamasha's sentences on counts 11 and 12 are vacated.  The matter is remanded for resentencing consistent with this opinion.  Following resentencing, the court is directed to prepare an amended abstract of

18

judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.